## LIEBMAN v. BUELL LUMBER & MFG. CO.

### No. 2938.

Court of Civil Appeals of Texas. El Paso.
Jan. 18, 1934.

W. H. Flippen and Dan P. Johnston, both of Dallas, for plaintiff in error.

Norman R. Crozier, Jr., and R. M. Perry, both of Dallas, for defendant in error.

WALTHALL, Justice.

Defendant in error, Buell Lumber & Manufacturing Company, a corporation, brought this suit against Dallas Furniture Manufacturing Company, a corporation, and R. Liebman, alleging that at the special instance and request of each of them it sold and delivered to them as buyers, at the times stated and in the regular course of business, the certain goods, wares, and merchandise, consisting of lumber and material used in connection with the business of the Dallas Furniture Manufacturing Company, as shown by an exhibit attached to its petition, and asked judgment against each of them, jointly and severally, in the sum of $1,153.37. The petition was duly verified.

The Dallas Furniture Manufacturing Company answered by general demurrer and general denial. R. Liebman answered by general demurrer, special exceptions, sworn general and special denials to the effect that the goods, wares, and merchandise exhibited in the plaintiff's petition were purchased for the account of defendant Dallas Furniture Manufacturing Company, and denied that any of such items were purchased in his individual capacity or were received or delivered to him, and denied liability.

The case was tried before the court without a jury.

The court entered judgment in favor of plaintiff for the amount sued for and against each of the defendants jointly and severally, to which Liebman duly excepted, gave notice of appeal, and is before this court on writ of error.

1044

### Opinion.

Plaintiff in error, Liebman, submits several propositions all based upon the insufficiency of the evidence to show his personal obligation to pay for the goods delivered to his codefendant, Dallas Furniture Manufacturing Company.

■ The trial court made no findings of fact. We need state here only the evidence offered by the plaintiff, defendant in error, and if the evidence is sufficient to sustain the judgment under any theory of the law which the court could have applied, the judgment must be sustained.

Briefly stated, the plaintiff alleged that prior to the dates set out in its petition for the sale and delivery of the goods, and prior to the extension of any credit to either of the defendants, the Dallas Furniture Manufacturing Company sought to buy said goods, but plaintiff refused to sell same to said defendant on open account, whereupon defendant Liebman, in a conversation over the telephone, was informed that credit would not be extended to the Dallas Furniture Manufacturing Company, alone, and that he then and there requested that such goods be sold and delivered to the place of business of the Dallas Furniture Manufacturing Company, and agreed that he would become liable jointly for the payment thereof and would pay for same; that in reliance on such agreement and request, plaintiff sold and delivered said goods; that after the delivery of said goods and demand for payment, Liebman reaffirmed such agreement to pay, but has failed and refused to do so.

On the trial J. S. Burgess, witness for plaintiff, testified, in substance:

Is credit manager for Buell Lumber & Manufacturing Company; knows Liebman; did not wish to extend credit to the Dallas Furniture Manufacturing Company; told Mr. Sulskey, superintendent of defendant company, that he couldn't o.k. the account; Sulskey referred witness to Liebman; witness called Liebman over the telephone; then follow question to witness and answer:

"Did he (Liebman) or not say he would pay the accounts?

"He did; he said he would see that the accounts would be taken care of or he would pay it.

"That he would pay the account?

"Yes.

"That was before you delivered any material?

"Yes.

"Before you delivered any bunch of material each day, did you call Mr. Liebman?

"Each and every one.

"And he said in each case, he said he would pay for it?

"Yes.

"Did you or not tell him you would not sell it to the credit of Dallas Furniture & Manufacturing Company, alone?

"Yes.

"Did you ever request a written guarantee of or from Mr. Liebman, besides these there?

"Yes.

"Did Mr. Liebman give you that written guarantee?

"He did two or three times.

"Well, will you describe these, what did they say?

"Well, more or less on a salesman blank and signed it in blank at the top, and then the account was ok'd at the top by Mr. Liebman, by his signature.

"No wording of guarantee there?

"No, sir, he just signed his signature on the order there."

Witness said that he made demand of Liebman for the money, and he said he was going to take care of it.

Pat Buell, vice president of the plaintiff corporation, testified that on more than one occasion Liebman stated he was going to pay the account.

The evidence shows that at one time Liebman was treasurer and secretary of the defendant corporation, and at the time of the matters in controversy was a stockholder.

The position of the defendant in error is that it would not and did not extend credit to the defendant corporation, but delivered the goods only upon Liebman's promise to pay for the goods.

Plaintiff in error makes the contention that in the telephone conversation with plaintiff's credit manager the credit manager was only obtaining credit information from him, and not that it was expected he would pay for the goods; that is, that at no time was he an original promisee.

■■ The question presented here is: Is the evidence sufficient to sustain the judgment? We think it is. The evidence sufficiently shows that prior to the sale and delivery of the goods defendant in error refused to extend credit and to sell and deliver the goods to defendant corporation until Mr.

Liebman in person agreed to pay for the goods. It matters little what the particular words were as long as they show the intention of the parties, and that they understood each other, the one to be bound for the payment of the goods, and the other selling and delivering the goods on the faith of that promise. Roach, Stansell & Crane v. Timpson et al. (Tex. Civ. App.) 170 S. W. 863; Carlisle v. Frost-Llewellyn Lumber Co. (Tex. Civ. App.) 196 S. W. 733.

Where goods are furnished to one person upon the credit and request of another, it is an original undertaking upon the part of the person making the request, and is not within the scope of the statute of frauds (Rev. St. 1925, art. 3995). Bejil v. Blumberg (Tex. Civ. App.) 215 S. W. 471; Muil v. Stevens et al. (Tex. Civ. App.) 39 S.W.(2d) 136.

The law is well settled that a seller of goods may recover from another person on his oral promise to pay, though both title and possession of the goods were delivered to a person other than the one making the promise to pay, where the promise was given prior to the delivery and induced the seller to part with the goods.

The case is affirmed.