**R. Y. WALKER, Appellant,**

v.

**E. L. LOREHN, Appellee.**

No. 13880.

Court of Civil Appeals of Texas.

Houston.

Feb. 22, 1962.

Rehearing Denied March 15, 1962.

**72**

Butler, Binion, Rice & Cook, Tom Alexander, Robert B. Reynolds, Houston, for appellant.

Underwood & Holcombe, Decatur J. Holcombe, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a judgment in the sum of $7500.00 in favor of appellee, E. L. Lorehn, upon the jury's affirmative answer to one special issue reading: "Do you find from a preponderance of the evidence that on or about January 20, 1959 the defendant, R. Y. Walker, promised to reimburse the plaintiff, E. L. Lorehn, the sum of $7500.00 if he, Lorehn, would advance $15,000.00 to Texas Aerosol, Inc. of Houston?"

The evidence shows that both appellant and appellee were stockholders in Texas Aerosols, Inc.; that appellant was also a director of the corporation; and that both were concerned about the financial condition of the company and both had an interest in its welfare. The evidence is conflicting as to the oral agreement between the parties. Appellee testified that he told appellant that the corporation needed money very badly and that he would be willing to lend the company $7500.00 if appellant would lend a like amount; that appellant said he was unable to do so at that time and that it would be after February 1 before he could put up any money; that appellee reiterated the necessity for immediate action and offered to put up the entire $15,000.00 if appellant would reimburse him for half thereof immediately after February 1; that appellant agreed that if appellee put up the entire $15,000.00 he would reimburse him for half that amount immediately after February 1, and that after such agreement was made appellee made out his check for $15,000.00 payable to the corporation and deposited the same to its account.

Appellant's testimony was that he never agreed to pay appellee $7500.00, and that

he only "agreed to sell stock for $7500.00, one-half of the $15,000.00, provided the company was in good shape." The conflict in the testimony was resolved by the jury in appellee's favor.

■ Appellant's contention that the oral agreement testified to by appellee constituted a promise to answer for the debt of another and is unenforceable under Article 3995(2), Revised Civil Statutes of Texas, is without merit. At the time the promise was made, the corporation didn't owe the $15,000.00 to anyone and was not indebted to either party in such amount or any part thereof. Hence the promise was not and could not have been to answer for the debt of the company. It was an original, unconditional promise made by appellant to reimburse appellee in the sum of $7500.00 if appellee would advance $15,000.00 to the corporation. On the faith of appellant's promise, appellee did advance the full sum of $15,000.00 to the company.

■ The authorities cited by appellant are clearly inapplicable to the fact situation and agreement as found by the jury in the instant case. The fact that appellee some three months later took a demand note from the corporation in the amount of $15,000.00 does not change or affect appellant's prior agreement to reimburse appellee for the amount advanced by him on the faith of appellant's promise. There was never any agreement between the parties that appellant would pay appellee half of the amount of the note if the corporation would not pay it, or that appellant would pay any debt of the corporation. The case of Liebman v. Buell Lumber & Mfg. Co., Tex.Civ.App.1934, 67 S.W.2d 1043, is in point. In that case it was held that where goods are furnished to one person upon the credit and request of another, it is an original undertaking upon the part of the person making the request, and is not within the scope of the Statute of Frauds. The court said:

"The law is well settled that a seller of goods may recover from another person on his oral promise to pay, though both title and possession of the goods were delivered to a person other than the one making the promise to pay, where the promise was given prior to the delivery and induced the seller to part with the goods."

It is our view that the agreement as testified to by appellee and as found by the jury is clearly an original undertaking and in no way a collateral agreement to stand surety for the corporation or to answer for any debt of the company. There was sufficient consideration to support the promise to pay. The promise was never within the Statute of Frauds, but if it had been we think it would have been removed therefrom since there was a consideration so beneficial to appellant as to constitute his primary object or desire. The evidence shows that appellant was not only a stockholder and director in the company but that he was one of its founders; that he had developed a medical product that had to be put up or packaged in Aerosol containers and that he needed the company for such purpose; and that after developing such product he was actively interested in working on Aerosols and in keeping the company a going concern and in raising capital for such purpose.

In further support of the trial court's action in overruling appellant's motion for judgment notwithstanding the verdict and entering judgment for appellee, see Enterprise Trading Co. v. Bank of Crowell, Tex. Civ.App.1914, 167 S.W. 296; Great Southern Oil & Refining Ass'n v. Cooper, Tex. Civ.App.1921, 231 S.W. 157; and the well considered opinion of Judge Greenhill in Gulf Liquid Fertilizer Co. v. Titus, Tex. Sup.1961, 354 S.W.2d 378, 5 Tex.Sup.Ct. Journal 109.

■ Appellant asserts that by their answer to the issue submitted, the jury has not found sufficient facts to establish an enforceable contract. We do not agree. The jury found that appellant promised to reimburse appellee in the sum of

$7500.00 if appellee would advance $15,-000.00 to Texas Aerosol, Inc. of Houston. It is undisputed that appellee did make out his check and deposit it to the account of the corporation. The instant case is distinguishable from the case of Smulcer v. Rogers, 1953, 256 S.W.2d 120, writ ref., n. r. e. In that case the issue merely inquired if the money was to be returned without inquiring whether there was any agreement between the parties to return it, whereas in the present case the issue inquires directly as to the promise of appellant to pay appellee, and the uncontroverted evidence shows acceptance and performance by appellee.

Appellant asserts that the court erred in admitting in evidence plaintiff's Exhibit No. 1 consisting of a work copy of a letter dated February 20, 1959, which appellee's secretary had typed, bearing on the second page thereof a memorandum or postscript in the handwriting of appellee's secretary, reading:

"Mr. ——————:

"Mr. R. Y. Walker and myself have agreed between us to lend to Texas Aerosols an additional $15,000.00, personally, to pay off all of the minor creditors, pending favorable action by you and the other major creditors.
"E. L. L. b"

■ Appellant objected to the letter with the postscript thereon because self-serving and not the best evidence. The evidence shows that the original copies of the letter with the postscript typed thereon were mailed to the directors and creditors of the corporation and that the work copy was retained by appellee's secretary for him. The court sustained appellant's objections to the exhibit several times. However, after appellant had concluded his evidence for the defense, appellee was recalled and testified that he had gone through all the records of the corporation that appellant's counsel had stated he knew anything about and could find, and that

he [appellee] could not find a carbon copy of plaintiff's Exhibit No. 1, and to his knowledge none was in existence. Whereupon the court overruled appellant's objections and admitted the exhibit in evidence.

We do not think the court erred in admitting the work copy of the letter over the objection that it was not the best evidence, in view of the fact that no other copy could be found in the records of the corporation or produced after search by appellee, and the work copy was shown by the company's secretary to be an accurate copy of the letter that went out to the creditors and directors of the corporation, including appellant. The copy in question was the only evidence available.

■ Appellant contends, however, that the letter was inadmissible because self-serving and in corroboration of appellee's testimony at the trial. It is our view that the exhibit was inadmissible unless there is some exception that takes it out of the general rule. McCormick and Ray, Texas Law of Evidence, 2d Ed., p. 568, § 786; 24 Tex.Jur.2d, p. 160, § 611, and cases cited.

Appellee contends that the letter with the postscript was admissible as a prior consistent statement in rebuttal of appellant's imputed charge and claim of recent fabrication. The evidence shows that following a creditors' meeting appellee dictated said letter of February 20, addressed to the major creditors and directors of the corporation, and that while his secretary was typing the letters, the conversation between appellant and appellee occurred during which the agreement as testified to by appellee was entered into. Immediately after such conversation appellee dictated said postscript which was added to the letters.

The record shows that appellant not only denied appellee's version of the agreement of February 20, 1959 and contended that he merely agreed to sell $7500.00 worth

of stock of the corporation, and that each of the parties was to handle $7500.00 of such stock, but that on cross-examination appellant testified with respect to the making of the agreement that appellee knew it was a stock transaction "just like I did and Sam Litzenberg did."

In view of appellant's testimony which clearly charged that appellee knew at the time of the conversation of February 20, 1959 that the agreement was merely to sell stock and not to lend money to the corporation, the letter and postscript written and mailed immediately after the agreement was made, showing that at that time appellee understood that the agreement was to lend $15,000.00 to the company and not to handle stock, was admissible in evidence to rebut the clear imputation that appellee's claim was manufactured and fictitious and that he was asserting at the trial an agreement which he knew to be entirely different from the agreement entered into on February 20. In making such accusation appellant did not merely contradict appellee. He in effect impeached appellee's credibility and the genuineness of his claim and definitely imputed to appellee the assertion of a fabricated claim which he knew he did not have at the time the agreement was made. The exhibit was shown to have been dictated and written prior to the time any controversy arose between the parties and when no motive for fabrication existed. Houston & T. C. Ry. Co. v. Fox, 1914, 106 Tex. 317, 166 S. W. 693.

In Lewy & Co. v. Fischl, 65 Tex. 311, the court, in holding admissible a certain self-serving statement made before the controversy arose, said: "It showed that appellee had the same conception of the facts before the imputed motive could exist that he had at the trial, and certainly was corroborant of his testimony. His declarations were, therefore, properly admitted." See also Davis v. Davis, 1906, 44 Tex.Civ.App. 238, 98 S.W. 198, writ den.; McCormick and Ray, Texas Law of Evidence, 2d Ed., p. 555, § 774, and authorities cited in Note 58.

Appellee also asserts that the exhibit was admissible since according to appellee's testimony appellant never denied receiving a copy of the letter with the postscript and never disputed the statements of fact in the postscript until the latter part of March, 1959, although the uncontroverted evidence shows that the letter was mailed to appellant on February 20, 1959 and that appellant never answered such letter. The rule of law upon which appellee relies is stated in 24 Tex.Jur. 2d, p. 190, § 625; "A party's silence when he is free to speak, in a situation where one would not normally remain silent, may constitute a tacit admission of what was said to the party or in his presence, so as to render the statement admissible in evidence against him."

It is our view that the exhibit was admissible under the foregoing rule since appellant's apparent acquiescence in the statements made in the postscript by not answering or disputing them to appellee for some two months although in the meantime dunned by appellee for payment of the $7500.00, constituted a tacit admission of the verity of appellee's claim. North Texas Tank Company v. Pittman, Tex.Civ.App.1956, 290 S.W.2d 724; Traders & General Ins. Co. v. Russell, Tex.Civ.App., 99 S.W.2d 1079, error dism.

With respect to appellant's Points 3 and 4, it will suffice to say that appellant objected to appellee's counsel stating to the jury on voir dire that the contract sued on was an oral contract, and "as far as their contentions, a perfectly legal contract." The court in ruling on such objection stated: "It is legal if it is in fact an oral contract." At that time no pleading setting up the statute of frauds had been filed by appellant. The statement made by the court, which correctly stated the law, was invited by appellant when in objecting to

appellee's counsel instructing the jury on the law, he stated: "That [the law] comes from the court * * *." We find no merit in said Points and overrule the same.

Judgment affirmed.