Gary L. DYER, Appellant,

v.

A-I AUTOMOTIVE, INC., Appellee.

No. 08-87-00156-CV.

Court of Appeals of Texas,
El Paso.

Dec. 2, 1987.

Sheral K. Peterson, Scruggs & Peterson, El Paso, for appellant.

Steven D. Goldston, Law, Snakard & Gambill, Fort Worth, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment enforcing an oral promise of an individual to pay the debt of a corporation. We affirm.

Defendant was found by the trial court to have orally guaranteed payment to the suppliers of goods and merchandise to an auto parts corporation. The Defendant and his wife were the sole stockholders and officers of the auto parts corporation.

Points of Error Nos. One and Two concern the legal and factual sufficiency of

evidence of the guaranty. We set forth here the standards of review we apply to such points. In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965). A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The reviewing court cannot substitute its conclusions for those of the trial judge. If there is sufficient, competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the trial court's resolution of conflicts in the evidence or pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the trial court's finding on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W. 2d 508 (Tex.1947); *Clark v. National Life & Accident Ins. Co.*, 200 S.W.2d 820 (Tex. 1947).

■ There was direct testimony by the agent of the supplier that the Defendant gave his oral guaranty. The Defendant could not remember discussing a personal guaranty. The agent testified the Defendant wished to exempt certain property of his wife from the guaranty. He further testified one of his clerks typed this exemption on the back of the Defendant's financial statement and the Defendant signed it. The Defendant testified he had typed the exemption himself previously, and the type is similar to that used in the financial statement. There was testimony that the supplier was not interested in having the wife's guaranty. There was testimony that the auto parts corporation was in financial difficulty, that it was even behind in its payments to the supplier, and that it wanted long-term financing. The agent testified he obtained authorization to do further business with the Defendant, provided the Defendant would personally guarantee the indebtedness. A personal financial statement was submitted to the supplier and is in evidence. A security agreement was given and signed as follows:

GARY L. DYER, INC. d/b/a AUTO MART, Debtor

GARY L. DYER, Individually

Defendant testified he contacted an attorney and was assured of no personal liability in the enterprise. No attorneys were consulted during these transactions by the Plaintiff's agent. We find sufficient evidence to support the trial court judgment. Points of Error Nos. One and Two are overruled.

■ In the third point of error, Defendant maintains an oral guarantee is within the statute of frauds. Section 26.01, Tex. Bus. & Comm.Code Ann. (Vernon 1987) provides as follows:

(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to:

. . .

(2) a promise by one person to answer for the debt, default, or miscarriage of another person.

Plaintiff seeks exception under the main purpose doctrine to take the promise out of the statute of frauds. In applying the main purpose doctrine, we must look to the consideration that was received for the promise and determine: (a) whether the promisor obtained, as part of that consideration, a benefit accruing directly to him personally; and (b) if so, whether the obtaining of that benefit was his main purpose for making the promise. *Haas Drill-*

*ing Company v. First National Bank in Dallas,* 456 S.W.2d 886 (Tex.1970).

The trial court found that the Defendant and his wife were the sole shareholders and officers of the corporation. It found further that the Defendant's main purpose for making the promise was for a direct personal benefit and that he received such benefit.

 Where an oral promise is made by a stockholder, officer, or director, the mere fact that there is a benefit accruing the promisor by being a stockholder, officer, or director would not deny the promise its collateral nature and its place within the statute of frauds. *South Spindletop Oil & Development Co. v. Toney,* 15 S.W.2d 688 (Tex.Civ.App.—Beaumont 1929, writ dism'd). However, where the stockholders and directors are the moving force in the corporation, and their main purpose was to subserve their own purpose and promote their financial interest or gain, an oral promise made by one of this class can be categorized as original and not within the statute. *Great Southern Oil & Refining, Ass'n. v. Cooper,* 231 S.W. 157 (Tex.Civ. App.—Dallas 1921, no writ).

The amount of stock owned, controlled, and personal benefit are cogent considerations in arriving at the factual concept of main purpose. Here, not only were the Defendant and his wife sole stockholders, officers and directors of the corporation, but the corporation constituted over seventy percent of their community wealth. From testimony and the financial statements of the Defendant and the corporation, it can be concluded that approximately ninety percent of Defendant's income is from the corporation. The corporation further provided them with life insurance policies, medical coverage, an automobile, and funds for travel and entertainment of customers. We find sufficient evidence to support the trial court's affirmation of the main purpose doctrine. Point of Error No. Three is overruled.

 Plaintiff makes two cross-points of error regarding the amount of recovery and prejudgment interest set forth in the judgment. Plaintiff did not except to the judgment of the trial court nor file a motion for a new trial. Before an appellee may complain of a part of the trial court's judgment by cross-points, such appellee must have excepted to the judgment, or in some manner apprise the trial court of any dissatisfaction with the judgment entered. *Delhi Gas Pipeline Corporation v. Lamb,* 724 S.W.2d 97 (Tex.App.—El Paso 1986, writ ref'd n.r.e.).

Plaintiff's/Appellee's two cross-points of error are overruled.

Judgment of the trial court is affirmed.