NO. 07-07-0239-CR and 07-07-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 31, 2007
______________________________

KEVIN MIKEL BRASHEARS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

         NO. 116503-2; 116851-2; HONORABLE PAMELA COOK SIRMON, JUDGE                                      _______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Kevin Mikel Brashears filed notices of appeal from his convictions of May
15, 2007. On June 13, 2007, the trial court granted a motion to withdraw filed by
appellant’s appointed counsel. No attorney was appointed to represent appellant on
appeal. The clerk’s record and reporter’s record have not been filed.
 
          On August 24, 2007, we abated these appeals, and remanded them to the County
Court at Law No. 2 of Potter County to determine whether appellant desired to prosecute
the appeals, and whether appellant is indigent and entitled to appointed counsel.


 During
the hearing held on September 10, 2007, at which appellant appeared, the trial court
determined that appellant desired to prosecute these appeals but was not indigent and not
entitled to appointed counsel. We reinstated appellant’s appeals on our receipt of the
supplemental record of the hearing.
          The trial court clerk and reporter filed requests for extension, stating they were
unable to file the records because appellant had not paid or made arrangements to pay for
them. By letters of October 26, 2007, this Court directed appellant to file written
verification, by November 15, 2007, of his compliance with Texas Rules of Appellate
Procedure 34.6(b)(1), 35.3(a)(2) and 35.3(b),


 or a reasonable explanation for his non-compliance. We advised appellant that failure to comply could result in dismissal of the
appeals for want of prosecution.


 Tex. R. App. P. 37.3(b). Appellant has not responded
to our letters. Nor have we received the clerk’s record, the reporter’s record, or written
verification that appellant has made payment arrangements for either record. 
 
          The record before us contains the trial court’s finding appellant is not indigent. Tex.
R. App. P. 20.2. We find the trial court clerk has failed to file the clerk’s record in these
appeals because appellant has failed to pay or make arrangements to pay for preparation
of the record, and find that appellant has had a reasonable opportunity to cure his failure
to do so. Accordingly, we dismiss the appeals for want of prosecution. Tex. R. App. P.
37.3(b), 42.3(b), (c). 
 
                                                                James T. Campbell

                                                                          Justice









Do not publish.



n, Mitchell alleged she was entitled to summary judgment as
a matter of law on the breach of contract claim because Domingo did not present evidence
of a valid, enforceable contract. Specifically, she contended the summary judgment
evidence disproved:
(1) she made a valid offer to Domingo;
(2) Domingo tendered a valid acceptance; and
(3) they reached a “meeting of the minds.”
 
Mitchell also alleged that any oral agreement violated the Statue of Frauds because
Domingo was seeking to enforce a promise to answer for the debt of another. Domingo
responded that Mitchell did not conclusively establish the absence of a genuine issue of
material fact regarding the elements of a contract. She also asserted that the agreement
was not a promise to answer for the debt of another and thus, did not violate the Statute
of Frauds. 
          By two issues, Domingo challenges the no-evidence and traditional summary
judgment motions that resulted in summary judgment being rendered against her. In
reviewing the issues, we apply the following standards of review.
No-Evidence Motion for Summary Judgment 
          In a no-evidence summary judgment motion, the movant contends that there is no
evidence of one or more essential elements of the claims for which the non-movant would
bear the burden of proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the
motion unless the non-movant produces competent summary judgment evidence raising
a genuine issue of material fact on the challenged elements. Id. See Hamilton v. Wilson,
__ S.W.3d __, No. 07-0164, 2008 WL 820717, at *1 (Tex. March 28, 2008); Morgan v.
Anthony, 27 S.W.3d 928, 929 (Tex. 2000). The non-moving party is “not required to
marshal its proof; its response need only point out evidence that raises a fact issue on the
challenged elements.” Tex. R. Civ. P. 166a(i), Notes and Comments (1997). We review
the summary judgment evidence in the light most favorable to the party against whom
summary judgment was rendered, crediting evidence favorable to that party if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could not. See
Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006); City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005). See also Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).
           Traditional Motion for Summary Judgment
          In reviewing a traditional motion for summary judgment, this Court applies these well
established rules:
1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.

 
2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.

 
3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.

 
See American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997), citing Nixon
v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). 
          For a party to prevail on a traditional motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment is
proper if the movant disproves at least one element of each of the non-movant’s claims or
establishes every element of an affirmative defense to each claim. American Tobacco,
951 S.W.2d at 425; Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995). Once the movant has established a right to summary judgment, the non-movant
has the burden to respond to the motion for summary judgment and present to the trial
court any issues that would preclude summary judgment. Casso v. Brand, 776 S.W.2d
551, 556 (Tex. 1989); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671,
678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st
Dist.] 1996, writ denied). Issues that the non-movant contends preclude the granting of a
summary judgment must be expressly presented to the trial court by written answer or
other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993)
          Where, as here, a party files a combination traditional and no-evidence motion for
summary judgment, we first review the trial court’s judgment under the more stringent “no-evidence” standard of Rule 166a(i). See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600
(Tex. 2004); East Hill Marine, Inc. v. Rinker Boat Co., Inc., 229 S.W.3d 813, 816
(Tex.App.–Fort Worth 2007, pet. denied). If the non-movant fails to produce more than a
scintilla of evidence under that burden, then we need not analyze whether the non-movant’s proof satisfied the burden under a traditional summary judgment review pursuant
to Rule 166a(c). Ridgway, 135 S.W.3d at 600.
I.        Analysis of Elements of a Contract 
          Domingo sued Mitchell for breach of contract. The basis for Mitchell’s no-evidence
motion was that there was no evidence of the elements of a valid contract between herself
and Domingo. The burden then shifted to Domingo to present more than a scintilla of
evidence to raise a fact issue on whether the parties formed a contract. The grounds for
Mitchell’s traditional motion was that there was no disputed material fact issue regarding
the elements of offer, acceptance, and meeting of the minds, and there was no writing to
indicate the existence of an agreement, in violation of the Statute of Frauds.
          A. Contract
          The threshold question is whether Mitchell and Domingo entered into a contract. 
For a contract to exist, there must be an offer, acceptance, and consideration. See Harco
Energy, Inc. v. Re-Entry People, Inc., 23 S.W.3d 389, 392 (Tex.App.–Amarillo 2000, no
pet.). The existence of an oral contract may be proved by circumstantial evidence as well
as direct evidence. Harris v. Balderas, 27 S.W.3d 71, 77 (Tex.App.–San Antonio 2000,
pet. denied). In determining the existence of an oral contract, courts look at the
communications between the parties and the acts and circumstances surrounding those
communications. Palestine Water Well Services, Inc. v. Vance Sand and Rock, Inc., 188
S.W.3d 321, 325 (Tex.App.–Tyler 2006, no pet.). To determine whether there was an offer
and acceptance, and therefore a “meeting of the minds,” courts use an objective standard,
considering what the parties did and said, not their subjective states of mind. See Komet
v. Graves, 40 S.W.3d 596, 601 (Tex.App.–San Antonio 2001, no pet.).
          B. Breach of Contract
          The elements of a breach of contract claim are (1) the existence of a valid contract;
(2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and
(4) damages sustained by the plaintiff as a result of that breach. Southwell v. University
of Incarnate Word, 974 S.W.351, 354-55 (Tex.App.–San Antonio 1998, pet. denied).
          C. Offer
          To prove that an offer was made, a party must show (1) the offeror intended to
make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror
communicated the essential terms of the offer to the offeree. KW Const. v. Stephens &
Sons Concrete Contractors, Inc., 165 S.W.3d 874, 883 (Tex.App.–Texarkana 2005, pet.
denied). 
 

          D. Acceptance
          An acceptance must be identical to the offer; otherwise, there is no binding contract. 
Long Trusts v. Griffin, 144 S.W.3d 99, 111-12 (Tex.App.–Texarkana 2004, pet. denied). 
          E. Meeting of the Minds
          A “meeting of the minds” is not an independent element of a valid contract. It is
merely a mutuality subpart of the offer and acceptance elements. A “meeting of the minds”
is a mutual understanding and assent to the expression of the parties’ agreement. See
Weynand v. Weynand, 990 S.W.2d 843, 846 (Tex.App.–Dallas 1999, pet. denied). If
evidence of the parties’ mutual agreement consists of their conduct and course of dealing
with one another, their mutual agreement may be inferred from the circumstances, in which
case the contract is “implied” as opposed to “express.” Double Diamond, Inc. v. Hilco
Elec. Co-op., Inc., 127 S.W.3d 260, 267 (Tex.App.–Waco 2003, no pet.). An implied
contract involves an inference from circumstantial evidence and is a question of fact. Id.
          F. Consideration
          A contract must be based on valid consideration. See Texas Gas Utilities Co. v.
Barrett, 460 S.W.2d 409, 412 (Tex. 1970). Consideration is a bargained for exchange of
promises that consists of benefits and detriments to the contracting parties. Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991). “It is quite elementary that
the promise of one party is a valid consideration for the promise of the other party.” See
Texas Farm Bureau Cotton Ass’n v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1105 (1923). 
A contract that lacks consideration lacks mutuality of obligation and is unenforceable. Fed.
Sign v. Tex. So. Univ., 951 S.W.2d 401, 409 (Tex. 1997); Belew v. Rector, 202 S.W.3d
849, 854 n.4 (Tex.App.–Eastland 2006, no pet.). Mutual promissory obligations by the
parties to the agreement furnishes sufficient consideration to constitute a binding contract. 
 Iacono v. Lyons, 16 S.W.3d 92, 94 (Tex.App.–Houston [1st Dist.] 2000, no pet.). 
II. Analysis of Elements of the Contract as Between Mitchell and Domingo
          Mitchell alleges she did not make an offer to Domingo, but if she did, some of the
material terms of the offer were lacking, making the contract invalid. She argues that price
had not been agreed to and that Domingo failed to submit numbers for the drawings, which
was an essential element of the agreement. In response, Domingo asserts that a
reasonable price can be implied. She also asserts that submitting numbers was not an
essential term of the agreement. We agree with Domingo.
          When all other elements of a contract have been met, a court may imply a
reasonable price. See Buxani v. Nussbaum, 940 S.W.2d 350, 353 (Tex.App.–San Antonio
1997, no writ), citing Bendalin v. Delgado, 406 S.W.2d 897, 900 (Tex. 1966). According
to Domingo’s affidavit, she was an experienced lottery player and estimated that playing
Lotto Texas and Mega Millions for the month of April 2006 would have cost approximately
$20 to $25. According to the evidence, Mega Millions was played every Tuesday and
Friday and Lotto Texas was played every Wednesday and Saturday. Looking at a
calendar for April 2006 at $1 per ticket, there were eight drawings for Mega Millions and
nine drawings for Lotto Texas, for a total cost of $17 per participant. Thus, a reasonable
price could have been implied. 
          Whether a term forms an essential element of a contract depends primarily upon
the intent of the parties. Potcinske v. McDonald Property Investments, Ltd., 245 S.W.3d
526, 531 (Tex.App.–Houston [1st Dist.] 2007, no pet.), citing Neeley v. Bankers Trust Co.
of Texas, 757 F.2d 621, 628 (5th Cir. 1985). The question is whether the parties regarded
the term as a vitally important ingredient of their bargain. Id. 
          Mitchell contends that submitting numbers was an essential term of the agreement
and that without Domingo complying, there was no valid contract. However, the evidence
suggests that submitting numbers for the April drawings was not an essential element of
the contract. Copies of e-mails established that different numbers were selected on the
day after the LGroup met for dinner to decide on a price and submit numbers. Members
of the LGroup were also notified by e-mail and given a deadline of noon on April 1st in
which to pick different numbers. Thus, any numbers submitted at the meeting on March
30th were an uncertainty as they were subject to being changed and thus, could not have
been regarded by the parties as an essential element of the contract.
          According to Domingo, she and Mitchell frequently participated in lottery pools with
co-workers. They occasionally covered for each other and when Mitchell would advance
Domingo’s share, Domingo would promptly reimburse her. Shondra Stewart and Ellen
Clemons, co-workers of Domingo and Mitchell, both gave deposition testimony that Cindy
Ruff, another co-worker, claimed she was present when Mitchell agreed to cover for
Domingo’s share of the April 2006 lottery tickets. 
          Mitchell testified that while she and Ruff were involved in a conversation about the
lottery pool on the day after the LGroup met to discuss the April drawings, Domingo
entered and asked Mitchell “why didn’t you pay my – did you pay my money?” Mitchell
responded, “no, I didn’t have enough money last night.” Although she did not tell Domingo
she was excluded because she had not been invited to play with the LGroup, she did
testify that she did not cover for Domingo because she had not been invited to play for the
April drawings. Ruff testified that she recalled Domingo asking Mitchell why she did not
cover her for the April drawings.
          Domingo testified that she asked Mitchell “when do we need to pay our money for
the April drawing?” Mitchell then informed her that she did not put in for her because she
did not have enough money to pay for both of them. Mitchell added that the group was
already set for April and instead invited Domingo to play for the May 2006 drawings.
          This summary judgment evidence, coupled with Mitchell and Domingo’s conduct
and course of prior dealings with one another, is sufficient to raise a genuine issue of
material fact concerning the offer and acceptance elements of the alleged contract
between Mitchell and Domingo.
           Regarding the element of consideration, the evidence shows that Mitchell agreed
to advance Domingo’s share of the lottery tickets and Domingo agreed to reimburse
Mitchell. This exchange of promises is sufficient consideration to create a binding contract. 
See Iacono, 16 S.W.3d at 94. See also Walker v. Lorehn, 355 S.W.2d 71, 73-74
(Tex.Civ.App.–Houston 1962, writ ref’d n.r.e.). 
III. Statute of Frauds
          By her traditional motion for summary judgment, Mitchell contended that the alleged
oral agreement was unenforceable because it was a promise to answer for the debt of
another which the Statute of Frauds requires to be in writing. See Tex. Bus. & Com. Code
Ann. § 26.01(b)(2) (Vernon Supp. 2007). According to Mitchell, the oral agreement to
cover Domingo’s share of the lottery tickets was a debt that Domingo owed the LGroup. 
Mitchell’s argument presupposes that she informed the LGroup that Domingo had been
invited to play for the April 2006 drawings. The evidence however, showed that she did
not inform the members of the LGroup that in March 2006 she had invited Domingo to
participate in the April 2006 drawings. Hence, there could be no debt owed by Domingo
to the LGroup. See Walker, 355 S.W.2d at 73-74. Because Domingo’s financial obligation
was her contractual obligation to reimburse Mitchell and not a promise to answer for the
debt of another, the agreement did not violate the Statute of Frauds. 
 

IV.      Conclusion
          Viewing the evidence in the light most favorable to Domingo, we conclude she
presented more than a scintilla of evidence to raise a genuine issue of material fact on
whether the parties entered into a valid oral contract and whether Mitchell breached the
contract, thereby defeating Mitchell’s no-evidence summary judgment. Simultaneously,
accepting as true the evidence favorable to Domingo and indulging every reasonable
inference in her favor, we conclude the summary judgment evidence raised a genuine
issue of material fact defeating Mitchell’s entitlement to summary judgment as a matter of
law. We hold that the summary judgment in favor of Mitchell based on Domingo’s breach
of contract claim was improvidently granted. Resultantly, we sustain issues one and two.
          Accordingly, the trial court’s judgment is reversed and the cause is remanded to the
trial court for further proceedings.
                                                                           Patrick A. Pirtle

                                                                                 Justice