NO. 07-07-0038-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 21, 2008

_____

BETTY DOMINGO, APPELLANT

V.

BRENDA MITCHELL, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-535,854; HONORABLE SAM MEDINA, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Presenting two issues, Appellant, Betty Domingo, challenges the trial court's order granting summary judgment in favor of Appellee, Brenda Mitchell. Specifically, by her first issue, she maintains the trial court erred in granting Mitchell's no-evidence summary judgment because she presented more than a scintilla of competent evidence in support

of every element of her breach of contract claim. By issue two, she contends the trial court erred in granting Mitchell's traditional motion for summary judgment because genuine issues of material fact exist. We reverse and remand.

**Background Facts**

According to the summary judgment evidence, beginning in 2004, Domingo and Mitchell, who were co-workers and friends, played the Texas Lottery on numerous occasions. Their arrangement included an agreement to pool their money to purchase tickets and split all winnings equally. At times, Mitchell would purchase the tickets without requiring advance payment from Domingo and Domingo would promptly reimburse Mitchell, win or lose.

On March 9, 2006, Cindy Skidmore sent an e-mail to Mitchell asking if she was interested in joining a lottery group. After enlisting a select group of friends and co-workers, including Mitchell, Skidmore formed LGroup, a Texas Limited Partnership, for the purpose of pooling money to play the lottery. On March 23rd, she sent a follow-up e-mail to members of the group notifying them of a meeting on March 30th at a local restaurant to pay and select numbers for the April 2006 drawings. The e-mail also provided, "[i]f there is someone else you want to invite (& you feel pretty sure they won't drop out) let me know." Mitchell did not ask Skidmore if Domingo could participate in the April 2006 drawings.

Domingo alleges that sometime after the March 23rd e-mail, Mitchell invited her and Cindy Ruff, another co-worker, to participate in the lottery group for April 2006, specifically, Lotto Texas and Mega Millions. Ruff declined the offer due to insufficient funds. When Domingo inquired about how much her contribution would be, Mitchell offered to cover for her and be reimbursed at a later time.

On March 30th, Mitchell and other members of the group met at a restaurant to pay their share for the April 2006 tickets and contribute their numbers. Domingo was not present at this meeting. It was determined that each member of the group owed $17. Mitchell paid her contribution, but did not contribute for Domingo's share. According to Mitchell's deposition testimony, she did not have enough money with her to pay for her share and also advance $17 for Domingo to participate.[1]

On April 29, 2006, one of the tickets purchased by the group won. After choosing the cash value option, the winnings totaled $20,925,315.23. Domingo's exclusion from a share of the winnings eventually prompted her to consult an attorney because Mitchell had told her she would cover her share of the tickets. She filed suit against Mitchell and the LGroup for breach of contract and also alleged violations of the Texas Revised Partnership

---

[1]Several witnesses testified that Mitchell did not have enough to pay for Domingo's share and also pay for her dinner also. However, Mitchell testified that she paid for her dinner with a food card.

Act.[2]  Mitchell filed a combination no-evidence and traditional motion for summary judgment and without specifying a ground, the trial court granted summary judgment in favor of Mitchell.

By her no-evidence motion, Mitchell alleged there was no evidence of a valid contract because:

(1) she never made a valid offer to Domingo;

(2) Domingo never tendered a valid acceptance;

(3) she and Domingo never reached a "meeting of the minds" regarding the essential terms of the contract; and

(4) Domingo never tendered sufficient consideration.

Domingo responded to the no-evidence motion by asserting there was sufficient evidence of an offer, acceptance, meeting of the minds, and consideration to defeat the motion.

By her traditional motion, Mitchell alleged she was entitled to summary judgment as a matter of law on the breach of contract claim because Domingo did not present evidence of a valid, enforceable contract.  Specifically, she contended the summary judgment evidence disproved:

(1) she made a valid offer to Domingo;

---

[2]Other defendants include Cindy Skidmore, Donna Walker, Estella Barron, Gina Schultz, Sharla Pierce, and LGroup, a Texas General Partnership.  However, the claims against them were severed from the breach of contract claim against Mitchell and remain pending in the trial court.

4

(2) Domingo tendered a valid acceptance; and

(3) they reached a "meeting of the minds."

Mitchell also alleged that any oral agreement violated the Statue of Frauds because Domingo was seeking to enforce a promise to answer for the debt of another. Domingo responded that Mitchell did not conclusively establish the absence of a genuine issue of material fact regarding the elements of a contract. She also asserted that the agreement was not a promise to answer for the debt of another and thus, did not violate the Statute of Frauds.

By two issues, Domingo challenges the no-evidence and traditional summary judgment motions that resulted in summary judgment being rendered against her. In reviewing the issues, we apply the following standards of review.

**No-Evidence Motion for Summary Judgment**

In a no-evidence summary judgment motion, the movant contends that there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the non-movant produces competent summary judgment evidence raising a genuine issue of material fact on the challenged elements. *Id.* *See Hamilton v. Wilson*, __ S.W.3d __, No. 07-0164, 2008 WL 820717, at *1 (Tex. March 28, 2008); *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). The non-moving party is "not required to

marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i), Notes and Comments (1997). We review the summary judgment evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). *See also Merrell Dow Pharms.*, *Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

## Traditional Motion for Summary Judgment

In reviewing a traditional motion for summary judgment, this Court applies these well established rules:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*See American Tobacco Co.*, *Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997), citing *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548-49 (Tex. 1985).

6

For a party to prevail on a traditional motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment is proper if the movant disproves at least one element of each of the non-movant's claims or establishes every element of an affirmative defense to each claim. *American Tobacco*, 951 S.W.2d at 425; *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979); *Barbouti v. Hearst Corp.*, 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues that the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)

Where, as here, a party files a combination traditional and no-evidence motion for summary judgment, we first review the trial court's judgment under the more stringent "no-evidence" standard of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *East Hill Marine, Inc. v. Rinker Boat Co., Inc.*, 229 S.W.3d 813, 816 (Tex.App.–Fort Worth 2007, pet. denied). If the non-movant fails to produce more than a scintilla of evidence under that burden, then we need not analyze whether the non-

7

movant's proof satisfied the burden under a traditional summary judgment review pursuant to Rule 166a(c). *Ridgway*, 135 S.W.3d at 600.

## I.    Analysis of Elements of a Contract

Domingo sued Mitchell for breach of contract. The basis for Mitchell's no-evidence motion was that there was no evidence of the elements of a valid contract between herself and Domingo. The burden then shifted to Domingo to present more than a scintilla of evidence to raise a fact issue on whether the parties formed a contract. The grounds for Mitchell's traditional motion was that there was no disputed material fact issue regarding the elements of offer, acceptance, and meeting of the minds, and there was no writing to indicate the existence of an agreement, in violation of the Statute of Frauds.

### A. Contract

The threshold question is whether Mitchell and Domingo entered into a contract. For a contract to exist, there must be an offer, acceptance, and consideration. *See Harco Energy, Inc. v. Re-Entry People, Inc.*, 23 S.W.3d 389, 392 (Tex.App.–Amarillo 2000, no pet.). The existence of an oral contract may be proved by circumstantial evidence as well as direct evidence. *Harris v. Balderas*, 27 S.W.3d 71, 77 (Tex.App.–San Antonio 2000, pet. denied). In determining the existence of an oral contract, courts look at the communications between the parties and the acts and circumstances surrounding those communications. *Palestine Water Well Services, Inc. v. Vance Sand and Rock, Inc.*, 188

8

S.W.3d 321, 325 (Tex.App.–Tyler 2006, no pet.). To determine whether there was an offer and acceptance, and therefore a "meeting of the minds," courts use an objective standard, considering what the parties did and said, not their subjective states of mind. *See Komet v. Graves*, 40 S.W.3d 596, 601 (Tex.App.–San Antonio 2001, no pet.).

**B. Breach of Contract**

The elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Southwell v. University of Incarnate Word*, 974 S.W.351, 354-55 (Tex.App.–San Antonio 1998, pet. denied).

**C. Offer**

To prove that an offer was made, a party must show (1) the offeror intended to make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror communicated the essential terms of the offer to the offeree. *KW Const. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 883 (Tex.App.–Texarkana 2005, pet. denied).

## D. Acceptance

An acceptance must be identical to the offer; otherwise, there is no binding contract. *Long Trusts v. Griffin*, 144 S.W.3d 99, 111-12 (Tex.App.–Texarkana 2004, pet. denied).

## E. Meeting of the Minds

A "meeting of the minds" is not an independent element of a valid contract. It is merely a mutuality subpart of the offer and acceptance elements. A "meeting of the minds" is a mutual understanding and assent to the expression of the parties' agreement. *See Weynand v. Weynand*, 990 S.W.2d 843, 846 (Tex.App.–Dallas 1999, pet. denied). If evidence of the parties' mutual agreement consists of their conduct and course of dealing with one another, their mutual agreement may be inferred from the circumstances, in which case the contract is "implied" as opposed to "express." *Double Diamond*, *Inc. v. Hilco Elec. Co-op.*, *Inc.,* 127 S.W.3d 260, 267 (Tex.App.–Waco 2003, no pet.). An implied contract involves an inference from circumstantial evidence and is a question of fact. *Id.*

## F. Consideration

A contract must be based on valid consideration. *See Texas Gas Utilities Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex. 1970). Consideration is a bargained for exchange of promises that consists of benefits and detriments to the contracting parties. *Roark v. Stallworth Oil & Gas*, *Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). "It is quite elementary that the promise of one party is a valid consideration for the promise of the other party." *See*

10

*Texas Farm Bureau Cotton Ass'n v. Stovall*, 113 Tex. 273, 253 S.W. 1101, 1105 (1923). A contract that lacks consideration lacks mutuality of obligation and is unenforceable. *Fed. Sign v. Tex. So. Univ.*, 951 S.W.2d 401, 409 (Tex. 1997); *Belew v. Rector*, 202 S.W.3d 849, 854 n.4 (Tex.App.–Eastland 2006, no pet.). Mutual promissory obligations by the parties to the agreement furnishes sufficient consideration to constitute a binding contract. *Iacono v. Lyons*, 16 S.W.3d 92, 94 (Tex.App.–Houston [1st Dist.] 2000, no pet.).

## II. Analysis of Elements of the Contract as Between Mitchell and Domingo

Mitchell alleges she did not make an offer to Domingo, but if she did, some of the material terms of the offer were lacking, making the contract invalid. She argues that price had not been agreed to and that Domingo failed to submit numbers for the drawings, which was an essential element of the agreement. In response, Domingo asserts that a reasonable price can be implied. She also asserts that submitting numbers was not an essential term of the agreement. We agree with Domingo.

When all other elements of a contract have been met, a court may imply a reasonable price. *See Buxani v. Nussbaum*, 940 S.W.2d 350, 353 (Tex.App.–San Antonio 1997, no writ), citing *Bendalin v. Delgado*, 406 S.W.2d 897, 900 (Tex. 1966). According to Domingo's affidavit, she was an experienced lottery player and estimated that playing Lotto Texas and Mega Millions for the month of April 2006 would have cost approximately $20 to $25. According to the evidence, Mega Millions was played every Tuesday and Friday and Lotto Texas was played every Wednesday and Saturday. Looking at a

11

calendar for April 2006 at $1 per ticket, there were eight drawings for Mega Millions and nine drawings for Lotto Texas, for a total cost of $17 per participant. Thus, a reasonable price could have been implied.

Whether a term forms an essential element of a contract depends primarily upon the intent of the parties. *Potcinske v. McDonald Property Investments, Ltd.*, 245 S.W.3d 526, 531 (Tex.App.–Houston [1st Dist.] 2007, no pet.), citing *Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, 628 (5th Cir. 1985). The question is whether the parties regarded the term as a vitally important ingredient of their bargain. *Id.*

Mitchell contends that submitting numbers was an essential term of the agreement and that without Domingo complying, there was no valid contract. However, the evidence suggests that submitting numbers for the April drawings was not an essential element of the contract. Copies of e-mails established that different numbers were selected on the day after the LGroup met for dinner to decide on a price and submit numbers. Members of the LGroup were also notified by e-mail and given a deadline of noon on April 1st in which to pick different numbers. Thus, any numbers submitted at the meeting on March 30th were an uncertainty as they were subject to being changed and thus, could not have been regarded by the parties as an essential element of the contract.

According to Domingo, she and Mitchell frequently participated in lottery pools with co-workers. They occasionally covered for each other and when Mitchell would advance Domingo's share, Domingo would promptly reimburse her. Shondra Stewart and Ellen

12

Clemons, co-workers of Domingo and Mitchell, both gave deposition testimony that Cindy Ruff, another co-worker, claimed she was present when Mitchell agreed to cover for Domingo's share of the April 2006 lottery tickets.

Mitchell testified that while she and Ruff were involved in a conversation about the lottery pool on the day after the LGroup met to discuss the April drawings, Domingo entered and asked Mitchell "why didn't you pay my – did you pay my money?" Mitchell responded, "no, I didn't have enough money last night." Although she did not tell Domingo she was excluded because she had not been invited to play with the LGroup, she did testify that she did not cover for Domingo because she had not been invited to play for the April drawings. Ruff testified that she recalled Domingo asking Mitchell why she did not cover her for the April drawings.

Domingo testified that she asked Mitchell "when do we need to pay our money for the April drawing?" Mitchell then informed her that she did not put in for her because she did not have enough money to pay for both of them. Mitchell added that the group was already set for April and instead invited Domingo to play for the May 2006 drawings.

This summary judgment evidence, coupled with Mitchell and Domingo's conduct and course of prior dealings with one another, is sufficient to raise a genuine issue of material fact concerning the offer and acceptance elements of the alleged contract between Mitchell and Domingo.

13

Regarding the element of consideration, the evidence shows that Mitchell agreed to advance Domingo's share of the lottery tickets and Domingo agreed to reimburse Mitchell. This exchange of promises is sufficient consideration to create a binding contract. *See Iacono*, 16 S.W.3d at 94. *See also Walker v. Lorehn*, 355 S.W.2d 71, 73-74 (Tex.Civ.App.–Houston 1962, writ ref'd n.r.e.).

## III. Statute of Frauds

By her traditional motion for summary judgment, Mitchell contended that the alleged oral agreement was unenforceable because it was a promise to answer for the debt of another which the Statute of Frauds requires to be in writing. *See* Tex. Bus. & Com. Code Ann. § 26.01(b)(2) (Vernon Supp. 2007). According to Mitchell, the oral agreement to cover Domingo's share of the lottery tickets was a debt that Domingo owed the LGroup. Mitchell's argument presupposes that she informed the LGroup that Domingo had been invited to play for the April 2006 drawings. The evidence however, showed that she did not inform the members of the LGroup that in March 2006 she had invited Domingo to participate in the April 2006 drawings. Hence, there could be no debt owed by Domingo to the LGroup. *See Walker*, 355 S.W.2d at 73-74. Because Domingo's financial obligation was her contractual obligation to reimburse Mitchell and not a promise to answer for the debt of another, the agreement did not violate the Statute of Frauds.

14

## IV. Conclusion

Viewing the evidence in the light most favorable to Domingo, we conclude she presented more than a scintilla of evidence to raise a genuine issue of material fact on whether the parties entered into a valid oral contract and whether Mitchell breached the contract, thereby defeating Mitchell's no-evidence summary judgment. Simultaneously, accepting as true the evidence favorable to Domingo and indulging every reasonable inference in her favor, we conclude the summary judgment evidence raised a genuine issue of material fact defeating Mitchell's entitlement to summary judgment as a matter of law. We hold that the summary judgment in favor of Mitchell based on Domingo's breach of contract claim was improvidently granted. Resultantly, we sustain issues one and two.

Accordingly, the trial court's judgment is reversed and the cause is remanded to the trial court for further proceedings.

Patrick A. Pirtle
Justice