

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00321-CV
_____

KENNY SCHUETTE, APPELLANT

V.

CORY COLTHARP AND TAMIE COLTHARP, APPELLEES

On Appeal from the 99TH District Court
Lubbock County, Texas
Trial Court No. 2013-505,846; Honorable William C. Sowder, Presiding

May 21, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This is an interlocutory appeal, brought pursuant to the provisions of the Texas Civil Practice and Remedies Code, from the denial of a *Plea in Abatement. See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011). In the underlying lawsuit the Appellees, Cory Coltharp and Tamie Coltharp, sued Appellant, Kenny Schuette, for breach of a written contract. Appellant sought the dismissal of that lawsuit based upon

the argument that the dispute was subject to arbitration.  When the trial court disagreed, Appellant brought this appeal.  We affirm.

On March 8, 2012, Appellees and Appellant entered into a contract for the construction of a home in Slaton, Texas.  The agreement of the parties was memorialized on a three-sheet, pre-printed no-carbon-required form contract furnished by Appellant.  The first sheet was white, the second sheet was yellow and the third sheet was pink.  The parties signed the top white sheet, and their signatures were reproduced on the yellow and pink sheets via the no carbon process.  The front of each sheet was identical; however, the back of the white sheet included the phrase, "All disputes hereunder shall be resolved by binding arbitration in accordance with the rules of the American Arbitration Association."  The backs of the yellow and pink sheets were blank.

After the parties executed the contract, Appellant allowed Appellees to retain all three sheets so that Appellees could take the contract to their bank to secure financing. Despite considerable efforts to locate the original white sheet, the parties have been unable to locate it.  Appellant sought to establish the contents of the back of the white sheet by producing a blank specimen of the form used.  While Appellees maintain there is a dispute concerning whether the white sheet actually contained the printed provision in question, our disposition of this appeal renders that question inconsequential. Therefore, for purposes of our analysis, we will assume the white sheet did include the provisions printed on the specimen form admitted into evidence.

After a dispute arose concerning performance of the contract and the underlying lawsuit was filed, Appellant sought to enforce the arbitration clause printed on the back of the white sheet. Following a hearing where the parties testified concerning the circumstances surrounding the execution of the contract and the present whereabouts of the white sheet, the trial court denied Appellant's *Plea in Abatement.* By the single issue raised in this appeal Appellant posits that the trial court erred by failing to abate the lawsuit and compel arbitration.

## ANALYSIS

An appellate court reviews an interlocutory appeal of an order denying a plea in abatement and motion to compel arbitration under an abuse of discretion standard. *Sidley Austin Brown & Wood LLP v. J.A. Green Dev. Corp.,* 327 S.W.3d 859, 863 (Tex. App.—Dallas 2010, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or alternatively, whether the trial court's actions were arbitrary and unreasonable based on the circumstances of the individual case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Arbitration agreements are interpreted under traditional contract principles, *In re Olshan Foundation Repair Co.*, 328 S.W.3d 883, 889 (Tex. 2010), and parties to a contract cannot circumvent arbitration provisions simply because they fail to read the details of the contract. *See In re Education Mgmt. Corp.,* 14 S.W.3d 418, 426 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Shearson Lehman Bros. v. Kilgore,* 871 S.W.2d 925, 928-29 (Tex. App.—Corpus Christi 1994, no pet.) When a contract

3

includes an arbitration agreement and one party files suit in lieu of seeking arbitration, the appropriate remedy is for the party favoring arbitration to file a plea in abatement and seek to have the trial court compel arbitration. TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a) (West 2011). If the trial court finds the claim falls within the scope of the arbitration agreement, the court has no discretion but to stay its own proceedings and compel arbitration. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008). Therefore, because it is undisputed the clause in question in this case provides for mandatory arbitration and that the trial court denied arbitration, the question becomes "Did the trial court err in determining that the arbitration provision in question was not a part of the contract between the parties?" In that regard, whether or not a particular provision is a part of the agreement between the parties is a question of the intent of the parties. *Domingo v. Mitchell,* 257 S.W.3d 34, 40 (Tex. App.—Amarillo 2008, pet. denied).

For an enforceable contract to exist there must be an offer, an acceptance, and the exchange of consideration. *Id.* at 39. The *essential details* of the proposed contract must be included in the agreement, and the parties must actually agree to those details. *Id.* Where a dispute arises as to the details of the agreement, a fact issue is created as to the intent of the parties. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex. 2003).

Here, Appellant contends the white copy of the agreement (including the arbitration agreement as established by the unsigned specimen of the document used) is the agreement of the parties; whereas Appellees contend the yellow and pink copies of the agreement (not including such a provision) reflects the true agreement of the

4

parties. Because it is undisputed that the yellow and pink copies, the only signed copies actually produced, do not contain the arbitration provision, a factual dispute exists between the parties as to the essential details of the contract, i.e., whether there was a meeting of the minds of the parties that the arbitration provision was a part of the agreement.

A review of the front page of the white, yellow and pink copies of the contract reveals that Appellant offered to "furnish material and labor - complete in accordance with *the above* specifications . . . ." (Emphasis added.) At the same time the contract provides "[t]*he above* prices, specifications and conditions are satisfactory and hereby accepted." (Emphasis added.) No reference is ever made to the back of the white sheet and in the absence of any testimony concerning the parties being directed to look between the individual sheets, the trial court did not abuse its discretion in determining that Appellees did not agree to provisions that were otherwise hidden. In other words, because the back of the last page of the form (the pink sheet) contained no other terms, it is reasonable to assume the parties did not reach an agreement containing any terms other than those contained on the front of each page.

Here the trial court found that the intent of the parties did not include the arbitration provision in question and that, as a result, the provision was not a part of the contract between the parties. Under the facts of this case, we find the trial court did not abuse its discretion in reaching that conclusion and consequently, in denying Appellant's motion to abate. Appellant's issue is overruled.

**CONCLUSION**

The order of the trial court denying Appellant's *Plea in Abatement* is affirmed.


Patrick A. Pirtle
Justice