**AFFIRMED; Opinion Filed July 28, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00747-CV

### MORRIS MILLER, Appellant
### V.
### DESIGN MASTERPIECE LANDSCAPE, INC., Appellee

**On Appeal from the County Court at Law**
**Rockwall County, Texas**
**Trial Court Cause No. 1-14-110**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

Morris Miller appeals the trial court's judgment finding he breached a contract with Design Masterpiece Landscape, Inc. (DML). The parties' dispute arose after DML performed landscaping services, including removal of a fountain, on Miller's property and Miller did not remit payment. In a single issue, Miller argues the evidence is legally insufficient to show an agreement between the parties because there is no evidence he agreed to pay for DML's work. We affirm the trial court's judgment.

Miller hired DML in 2005 to perform landscaping services and the parties regularly did business together. When Miller failed to pay DML's outstanding invoices, DML sued Miller for approximately $20,000. After suit was filed, Miller contacted DML and paid the amount due.

In June 2006, the parties entered into a written contract for DML to construct a stone fountain for Miller. The fountain was installed and Miller paid DML pursuant to the parties' agreement.

Miller and DML presented different renditions of what occurred between them after the fountain was installed.

Miller testified he immediately noticed the stone on the fountain was chipping so he contacted Ryan Wetzel, project manager for DML, who advised Miller to change the process for cleaning the fountain. Miller stated the problem remained unresolved and eventually Wetzel agreed to remove and repair the fountain. In 2009, Wetzel had the fountain removed. Although the base was left intact so the fountain could be reinstalled after it was repaired, Miller testified Wetzel never returned the fountain. Miller explained DML continued performing landscaping work and he continued paying DML while waiting for the fountain to be repaired. Eventually, Miller told Wetzel: "I'm not paying you for anymore [sic] work over here until I get that fountain back because I don't believe I'm getting it back. So we agreed that any work that he did . . . the money would be held back until either I got the fountain back or he worked off the value of the fountain." Miller maintained that DML accepted this arrangement.

Wetzel testified Miller never contacted DML about defects with the fountain. Rather, during the summer of 2010, Miller instructed DML to remove pieces of the fountain to protect it from potential damage while Miller renovated his home. DML subcontracted the removal and paid the subcontractor in full. Wetzel testified it was common for DML to bill a job by a subcontractor at cost and provide the original subcontractor's invoice to the customer. Wetzel stated DML was storing, not repairing, Miller's fountain and Miller could have it back at any time. DML never repaired the fountain and there was never an agreement between DML and

Miller for DML to perform free services for the cost of the fountain. Wetzel testified the first time he heard of the alleged oral agreement to perform free landscaping services was at trial.

Wetzel stated that DML performed landscaping services for Miller in 2010 and 2011, but Miller failed to pay. In May 2012, Wetzel sent a demand letter stating Miller was $7,870 in default. When payment was not forthcoming, DML filed two lawsuits against Miller to recoup the costs of removing the fountain and landscaping services. In turn, Miller sued DML for breach of contract. The lawsuits were consolidated. Following a bench trial, the trial court found in favor of DML and awarded damages, including attorney's fees. The trial court entered findings of fact and conclusions of law. This appeal followed.

In a single issue, Miller argues that although the trial court concluded he entered into and subsequently breached a contract with DML for removal and storage of the fountain and landscaping services, DML failed to introduce any evidence of a contract for those services because there is no evidence he agreed to pay for DML's work.

In an appeal from a bench trial, we review a trial court's findings under the same legal sufficiency of the evidence standards used when determining if sufficient evidence exists to support the answer to a jury question. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When a party attacks the legal sufficiency of an adverse finding on which it did not have the burden of proof at trial, it must demonstrate there is no evidence to support the finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). When determining whether the evidence is legally sufficient to support a finding, we consider the evidence in the light most favorable to the judgment and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* "The final test for legal sufficiency must always be whether the evidence at trial would enable

reasonable and fair-minded people to reach the verdict under review." *Id.* The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See id.* at 819.

Here, although DML did not present evidence of a written contract with Miller—and agreed no written contract exists—there is evidence of an implied contract. An implied contract exists when the facts and circumstances show a mutual intention to contract. *Pettigrew v. Reeves*, No. 05-12-00455-CV, 2014 WL 6546980, at *2 (Tex. App.—Dallas Oct. 22, 2014, no pet.) (citing *Harrison v. Williams Dental Group, P.C.*, 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004, no pet.)). Every contract requires a meeting of the minds, but such a meeting can be implied from and evidenced by the parties' conduct and course of dealing. *Id.* Whether an implied contract exists is a question of fact, which requires making inferences from circumstantial evidence regarding mutual assent. *McAllen Hosps., L.P. v. Lopez*, No. 13-16-00138-CV, 2017 WL 1549211, at *2 (Tex. App.—Corpus Christi Apr. 27, 2017, no pet. h.) (citing *Double Diamond, Inc. v. Hilco Elec. Coop., Inc.*, 127 S.W.3d 260, 267 (Tex. App.—Waco 2003, no pet.); *Domingo v. Mitchell*, 257 S.W.3d 34, 40 (Tex. App.—Amarillo 2008, pet. denied)).

Examining the parties' conduct and course of dealing, the fact finder could have inferred the element of mutual assent from the circumstances. Miller asked DML to remove the fountain, DML subcontracted with a third party to do so, and Miller failed to pay the cost of removing the fountain at his own request. The invoice submitted by the subcontractor to DML is part of the record and Wetzel testified that DML's practice is to submit such invoices to their customers. DML continued providing landscaping services after the fountain was removed. Miller admitted he paid DML for some of the landscaping work. However, because Miller did not pay for the fountain removal and some of the landscaping services, DML sent Miller a demand letter stating

–4–

he was "in default of your obligation to pay the sum of $7,870.00 . . . and you have failed to pay despite repeated requests for payment by our office." The record does not show Miller protested the demand letter or attempted to reconcile the account. Rather, as in 2005, DML was forced to sue Miller to recover its unpaid invoices. Additionally, Miller tacitly acknowledged he knew there would be compensation for the removal of the fountain and landscaping services when he testified he told Wetzel "the money would be held back until either I got the fountain back or he worked off the value of the fountain." By stating he was "holding the money back," he acknowledged he knew he would have to pay for the services, although he believed he would be required to do so only if the fountain was returned. Finally, Wetzel testified the first time he heard about the alleged agreement for DML to work off the cost of the fountain was at trial, indicating this was not the parties' agreement.

Considering the evidence in the light most favorable to the judgment and indulging every reasonable inference that would support it, we conclude the trial court could have inferred from the evidence, including that Miller requested the services and paid for some of them, that Miller agreed to pay DML for all the services that are the subject of this lawsuit. *See City of Keller*, at 807, 827; *McAllen Hosps.*, 2017 WL 1549211, at *2. We overrule Miller's sole issue.

We affirm the trial court's judgment.

160747F.P05

/Craig Stoddart/
CRAIG STODDART
JUSTICE

–5–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MORRIS MILLER, Appellant

No. 05-16-00747-CV      V.

DESIGN MASTERPIECE LANDSCAPE, INC., Appellee

On Appeal from the County Court at Law, Rockwall County, Texas
Trial Court Cause No. 1-14-110.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Design Masterpiece Landscape, Inc. recover its costs of this appeal from appellant Morris Miller.

Judgment entered this 28th day of June, 2017.