

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00270-CV

VICKY PRATER, APPELLANT

V.

FESTIVAL OF LIGHTS OF CORSICANA, INC.,
A NON-PROFIT CORPORATION, APPELLEE

On Appeal from the 13th District Court[1]
Navarro County, Texas
Trial Court No. D15-24296-CV, Honorable James E. Lagomarsino, Presiding

December 21, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

In this dispute over the possession of Christmas lights and decorations, both parties filed motions for summary judgment to enforce a mediated settlement agreement. The trial court granted summary judgment for appellee, Festival of Lights of Corsicana,

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Inc. (FOL), and denied the competing motion filed by appellant, Vicky Prater. We affirm in part and reverse in part.

## Background

FOL is a non-profit corporation that purchases and places Christmas lights and decorations in the city parks in Corsicana. When the time came to remove the decorations after the holiday season in 2014, Prater volunteered to rent a storage unit so that the lights and decorations could be stored at a local storage facility. FOL paid the annual storage fee for the unit. Ruby Williams transported the lights and decorations to the storage unit. In June of 2015, FOL elected a new board. When the newly-elected board members attempted to gain access to the storage unit, they were unable to do so because the storage unit had been rented in the name of Vicky Prater. A dispute arose as to who was authorized to possess the lights and decorations. Thereafter, FOL filed suit against Williams and Prater for the return of the lights and decorations.

The parties participated in a mediation and reached an agreement on all issues. As part of the mediated settlement agreement (MSA), Williams and Prater were required to "release all rights to the lights and decorations to [FOL's] current board whether in possession of either defendant or her agents," and "release the storage building to FOL." The MSA also provided that an inventory was to be conducted with representatives from both parties present and afforded Williams and Prater forty-eight hours "to return all other lights and decorations in their possession or control, if any." The MSA further provided that Williams and Prater would receive a release of liability "upon completion of the terms of this agreement." Finally, the agreement provided for a declaratory judgment finding

that the lights and decorations are the property of FOL and "this case will be dismissed with prejudice."

After the inventory was conducted, FOL filed an amended petition alleging approximately $5,000.00 of newly-purchased L.E.D. commercial Christmas lights were not returned. That petition also alleges a breach of contract action against Williams and Prater for failing to execute the formal settlement agreement and declaratory judgment as required by the MSA. Williams eventually signed the settlement agreement and declaratory judgment and her claims were non-suited. Prater, however, filed a counter-claim for breach of contract against FOL alleging that she complied with the MSA and is entitled to the release of liability. Both parties subsequently filed traditional motions for summary judgment. The trial court granted FOL's motion and denied Prater's motion.

## Standard of Review

We review a trial court's decision to grant or to deny a motion for summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). In determining whether a disputed material fact issue exists, we take as true evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

Analysis

Issue No. 1

In her first issue, Prater contends that FOL failed to establish Prater's breach of the MSA and that the trial court erred in granting summary judgment for FOL.

The elements of a breach of contract claim are: (1) the existence of a valid contract, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of the contract, and (4) the plaintiff's damage as a result of that breach. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied).

In its traditional motion for summary judgment, FOL asserted that it performed or tendered performance by forwarding to Prater's counsel a proposed formal settlement agreement and release in compliance with the MSA, along with a proposed declaratory judgment. Prater claims that the release did not comply with the MSA. We agree with Prater.

FOL's summary judgment evidence reflects that the release prepared by counsel for FOL included an expansive release of liability that required Prater to release "all claims, demands, rights, actions, causes of action, suits . . . and allegations of any kind and character whatsoever . . . which [Prater] ever had, now ha[s], or hereafter can, shall, or may have against [FOL]." No provision of the MSA required Prater to release any cause of action against FOL, particularly not any future causes of action. FOL's release asked for much more than what the parties agreed to in the MSA. In fact, Prater objected to the broad release language required of her as reflected in an email exchange between the lawyers for the parties. Consequently, we conclude that FOL did not perform or tender

4

performance in accordance with the MSA. Because FOL did not establish each element of its claim as a matter of law, the trial court erred in granting the summary judgment for FOL. *See Wesson v. Jefferson Savs. & Loan Ass'n*, 641 S.W.2d 903, 906 (Tex. 1982). Accordingly, we sustain Prater's first issue.

Issue No. 2

In her second issue, Prater challenges the trial court's denial of her amended motion for summary judgment. Prater's amended motion for summary judgment addressed two matters: first, she alleged that she complied with the terms of the MSA, and second, that FOL breached the MSA by refusing to execute a release and dismiss the suit with prejudice.

Under the MSA, FOL's obligation to release Prater did not arise until Prater complied with the terms of the MSA. One of the terms of the MSA was that Prater would "release all rights to the lights and decorations" to FOL's current board. In her affidavit in support of her motion for summary judgment, Prater avers that she "has released any and all rights to such lights and decorations which she might claim, and, in fact, has never asserted a claim to such property." The summary judgment evidence also indicates that the "General Mutual Release and Settlement Agreement" prepared by FOL's counsel contained a release of the rights to the lights and decorations, yet Prater refused to sign the document because it also contained a release of liability not required to be signed by her. Nothing in the record establishes that Prater executed a release of all rights to the lights and decorations. As such, we find that Prater has failed to establish that she complied with the MSA and, consequently, FOL's obligation to provide a release and

5

dismiss the case has not been triggered. Accordingly, the trial court correctly denied Prater's request for summary judgment as Prater failed to establish her entitlement to judgment as a matter of law. *Id.* Prater's second issue is overruled.

## Conclusion

While there is no dispute that the MSA is a valid, enforceable agreement, neither party presented competent summary judgment evidence of breach by the other party. Without such evidence, neither FOL nor Prater could establish entitlement to summary judgment as a matter of law.

We reverse the trial court's summary judgment in favor of FOL. We affirm the trial court's denial of Prater's amended motion for summary judgment. The judgment of the trial court is therefore affirmed in part and reversed in part. We remand the cause to the trial court for further proceedings in accordance with this opinion.

Judy C. Parker
Justice

6