

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00304-CV

---

SOAP ENGINEERING, LLC, APPELLANT

V.

INFINITI INTEGRATION SERVICES CORP., APPELLEE

---

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 21,846, Honorable John A. Didway, Presiding

---

June 10, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

SOAP Engineering, LLC appeals from the trial court's judgment awarding Infiniti Integration Services Corp. recovery for the former's alleged misappropriation of trade secrets and breach of contract. By two issues, SOAP argues the findings of misappropriation and breach lack legally and/or factually sufficient evidentiary support. We reverse and render in part and affirm in part.

***Background***

The dispute in this case arose from a project at a $CO_2$ recompression plant in which a compressor unit was to be upgraded. The project included moving and replacing a motor and upgrading power systems as well as a compressor. SOAP, a subcontractor, was involved in the project and allegedly hired Infiniti to assist. SOAP paid for part of the work; the plant's owner, Perdure Petroleum Company,[1] paid for other parts.

One of Infiniti's employees, David Renfro, purportedly derived a methodology for SOAP to use when encountering particular problems while doing the tasks demanded by Perdure. Renfro presented his methodology during a meeting attended by SOAP and Perdure personnel, and Infiniti viewed the information presented as a trade secret. Yet, SOAP recorded the presentation and retained an entity other than Infiniti to implement the methodology Renfro developed. Once the project was completed, Infiniti informed SOAP of outstanding invoices necessitating payment. SOAP refused to pay them, resulting in a suit for misappropriation of trade secrets and breached contract, among other claims.

The dispute was tried by the bench. It found in favor of Infiniti, awarding damages for misappropriation of trade secrets and breach of contract.

***Issue One—Misappropriation of Trade Secrets***

By its first issue, SOAP contends the evidence offered to support Infiniti's claim for misappropriation of trade secrets was legally and factually insufficient. Allegedly, SOAP failed to prove all elements of same. We sustain the issue.

---

[1] Perdure is now CapturePoint LLC. Though sued, Infiniti non-suited its claims against the business.

To prevail on a claim of misappropriated trade secrets, one must prove 1) the existence of a trade secret; 2) its acquisition through a confidential relationship or by improper means; 3) its use without authorization; and 4) resulting damages. *Garcia v. Segway, Inc.*, No. 07-23-00401-CV, 2024 Tex. App. LEXIS 8451, at *5 (Tex. App.—Amarillo Dec. 5, 2024, no pet.) (mem. op.). We address the last element.

The sole evidence to support the trial court's finding that Infiniti suffered $130,000 in damages came from Gilbert Peters. Its sum and substance consisted of the following:

Q. Now, if -- if they had used you for the work that David had done --

A. Yes, sir.

Q. -- do you know what you would have charged for that work?

A. Yes, sir. We estimated it a couple of different times. About a hundred and 30 to $135,000.

Q. In gross charges or --

A. No, in profit.

Q. Profit?

A. Yes, sir. Just -- just in profit.

Q. And are you asking the Court to award you 130,000 for that lost work?

A. Yes, sir, I am.

Nothing else was said. The data, formulas, or the like utilized in deriving his estimates went unmentioned. This is problematic.

As can be seen, Infiniti sought to only recover lost profits. Such a recovery does not require that the loss be susceptible of exact calculation. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex. 2010) (quoting *Holt Atherton Indus., Inc. v. Heine*,

3

835 S.W.2d 80, 84 (Tex. 1992)). Nevertheless, the claimant must do more than show that they suffered some lost profits. *Id.* Rather, the sum lost must be shown by competent evidence with reasonable certainty. *Id.* "'As a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained.'" *Id.*; *Western Mktg. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 922 (Tex. App.—Amarillo 2021, pet. denied). So, simply providing an estimate unaccompanied by the objective facts, figures, or data from which they were derived does not suffice. In such a situation, the estimates comprise merely conclusory testimony, which is not evidence. *Western Mktg*, 616 S.W.3d at 922 (finding the owner's estimate of damages unaccompanied by evidence illustrating their means of calculation or basis was both conclusory and no evidence to support the damages awarded). That is the situation at bar.

Peters merely informed the trial court of his estimated lost profits. No objective facts, figures, or data from which those estimates could be derived accompanied the estimates. Nor did anyone else attempt to fill the void. Thus, like those in *Western Marketing*, the estimates here were conclusory and no evidence of lost profits. That compels us to hold the damage element of the purported misappropriation claim lacks legally sufficient evidentiary support, and the trial court erred in granting recovery upon the claim. *See Popwell v. Bryson*, No. 07-16-00434-CV, 2017 Tex. App. LEXIS 12050, at *1 (Tex. App.—Amarillo Dec. 27, 2017, no pet.) (mem. op.) (describing the standard of review utilized in assessing whether a finding has the support of legally sufficient evidence).

### Issue Two—Breach of Contract

Through its second issue, SOAP contends Infiniti failed to provide factually sufficient evidence establishing the creation of a binding agreement between the parties. In its view, there existed factually insufficient evidence of an offer, its acceptance, and a meeting of the minds requisite for the existence of a contract. We overrule the issue.

To succeed on a claim of breached contract, one must prove 1) a valid contract exists, 2) its performance by the claimant, 3) its breach by the defendant, and 4) damages as a result of the breach. *Mesquite Servs., LLC v. Standard E&S, LLC*, 610 S.W.3d 548, 560 (Tex. App.—Amarillo 2020, pet. denied). Encompassed within the first element are the components of an offer, its acceptance, and the existence of consideration. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied). So too must the parties have a meeting of the minds about the particular matter. *Bell v. Harrell*, 653 S.W.3d 14, 16 (Tex. App.—Amarillo 2022, pet. denied). And, when a purported oral contract is in play, such as here, its existence may be established through circumstantial or direct evidence. *Domingo*, 257 S.W.3d at 39. Because of this, the communications between the parties and acts and circumstances surrounding those communications are relevant. *Id.* That said, we turn to the issue at hand.

Preliminarily, we comment upon the tenor of SOAP's issue and its effect. The party only questions the factual sufficiency of the evidence underlying the existence of an offer, its acceptance, and a meeting of the minds. In so limiting the contention, SOAP implicitly concedes that legally sufficient, or more than a scintilla, of evidence supports the trial court's finding of those elements. *See Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275 (Tex. App.—Amarillo 1988, writ denied) (stating

5

that "[f]actual sufficiency points of error concede conflicting evidence on an issue, yet maintain that the evidence against the jury's finding is so great as to make the finding erroneous").

Next, no one contends SOAP, Renfro, or Infiniti executed a written contract; it was oral, if anything. It is also undisputed that Renfro performed tasks for Perdure and SOAP. And, in support of Infiniti's position that there was an oral agreement, it refers to aspects of Peters' testimony. In particular, Peters iterated that before work began 1) "Williams [with SOAP] told me that we -- that Soap was going to pay me," 2) "we shook hands," 3) "Jim [Williams] hired Infiniti Integration Services to complete work" such as "engineering" and the installation of "switchgear," and 4) Williams said "[d]on't worry, son, I'm going to take care of you, and Soap's going to pay the bills." Individuals working for Infiniti (e.g., Renfro) then provided services on the project SOAP was obligated to complete, according to invoices admitted into evidence and testimony from Renfro.

In discussing and coordinating services, Williams also wrote in an email to Perdure: "Perdure will contract David Renfro to MacGyver rig the exciter panel to help speed up the start-up time for the Wellman plant" and "[i]f and when David Renfro Is needed to help with the commissioning of the compressor with the MacGyver rigged exciter panel, David's cost will be documented and paid for by SOAP Engineering." Thereafter, Peters, of Infiniti, received an email from Williams. Therein, the latter both apologized for characterizing Renfro's expected services as "MacGyver Rigged" and asked for "the breakdown of hours with time and dates so that I can approve the invoices?"

6

We couple the foregoing evidence to SOAP's concession implicit in attacking only the factual sufficiency of the evidence. Together, they suffice to illustrate an offer and promise by SOAP to pay Infiniti for services the latter (through Renfro) would provide to Perdure and acceptance of performance by Infiniti through Renfro. *See Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 649 (Tex. 2006) (noting that an offer may be accepted through performance). That Infiniti performed and SOAP implemented the solutions the former developed constitutes further evidence of their meeting of the minds on the work to be done and who was financially liable for payment. Thus, we cannot say the trial court's finding that a binding agreement arose between SOAP and Infiniti was so against the great weight and preponderance of all the evidence as to render the finding manifestly unjust. *See Fisher v. Deford Props.*, No. 07-04-0389-CV, 2005 Tex. App. LEXIS 1765, at *3 (Tex. App.—Amarillo Mar. 8, 2005, no pet.) (mem. op.) (stating that a finding is factually insufficient when it is so against the great weight and preponderance as to be manifestly unjust).

Having sustained issue one and overruled issue two, we 1) reverse that portion of the trial court's judgment awarding Infiniti $130,000 for SOAP's alleged misappropriation of trade secrets, 2) order that Infiniti take nothing on the claim of misappropriation of trade secrets, and 3) affirm the judgment in all other respects.

Brian Quinn
Chief Justice