

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00072-CV

FELIPE MARTIGNONI AND JANAINA GOMES MARTIGNONI, APPELLANTS

V.

ARTISTRY HOMES, LLC, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CV-1377, Honorable J. Phillip Hays, Presiding

June 10, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellants, Felipe Martignoni and Janaina Gomes Martignoni, appeal from the trial court's order granting Appellee, Artistry Homes, LLC's, no-evidence motion for summary judgment. The Martignonis challenge the order through several issues arguing (1) the trial court improperly sustained the objection to Felipe Martignoni's December 11, 2025 affidavit due to defective jurat, (2) the objection based on failure to supplement discovery responses was improper, (3) the objections to specific paragraphs 3, 6, 9, and 21 of the affidavit were incorrectly sustained, and (4) taking $130,000 without paying the

subcontractor constituted more than a scintilla of evidence for breach of contract, fraud, and unjust enrichment claims. We affirm.

## BACKGROUND

In February 2024, the Martignonis contracted with Artistry Homes to purchase a house at 7801 56th Street, Lubbock, TX for $600,000.[1] The Martignonis placed $5,850 earnest money with Title One. The contract for the home included both pool and back yard construction and additions.[2] The Martignonis paid $65,000 on March 1, 2024, and an additional $65,000 on May 21, 2024, for a total of $130,000 toward the pool and backyard.[3] Despite these payments, the pool subcontractor claimed it was not paid and filed a mechanic's lien. The home was not completed by the final closing date and the Martignonis exercised the option to terminate the contract.

Thereafter, the Martignonis filed suit against Artistry Homes for breach of contract, fraud, fraud in the inducement, conversion, negligent misrepresentation, money had and received, and unjust enrichment. Artistry Homes filed a no-evidence motion for summary judgment on November 26, 2025. After considering the evidence, the trial court granted the motion.

---

[1] The house was unfinished at the time the parties entered the contract. Martignoni lived in Montana while the home was being finished.

[2] The alleged agreed deposits were $50,000 for the pool and $10,000 for the back yard.

[3] In an email dated March 1, 2024, Thomas Reyes (owner of Artistry Homes) characterized one payment as the "Non-Refundable 65k builder deposit for pool and back yard additions[.]"

Standard of Review

We review a trial court's decision to grant summary judgment de novo.  *Wyrick v. Bus. Bank of Tex., N.A.*, 577 S.W.3d 336, 346 (Tex. 2019).  We consider the evidence in the light most favorable to the non-movant, indulging reasonable inferences and resolving doubts in the non-movant's favor.  *Id.*  We credit evidence favorable to the non-movant if reasonable fact finders could, and we disregard contrary evidence unless reasonable fact finders could not.  *Id.*

In a no-evidence motion for summary judgment, the movant asserts that no evidence exists of one or more essential elements of the claims for which the non-movant bears the burden of proof at trial.  *See* TEX. R. CIV. P. 166a(i); *Wyrick*, 577 S.W.3d at 346. The non-movant then must present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each element contested in the motion.  *Wyrick*, 577 S.W.3d at 346.  More than a scintilla exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.  *Id.* The non-movant "is 'not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.'"  *Id.*  Unless the non-movant raises a genuine issue of material fact, the trial court must grant summary judgment.  *Id.*  However, if the non-movant satisfies its burden of production on the no-evidence motion, then the court cannot properly grant summary judgment.  *Id.*  When, as here, the trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm summary judgment if any of the summary judgment grounds are meritorious. *Montenegro*

3

*v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 566-67 (Tex. App.—Amarillo 2013, pet. denied).

Analysis

Preservation

As an initial matter, Artistry Homes argues the Martignonis failed to preserve their issues for appellate review because they never responded to Artistry Homes's objections to summary judgment evidence, never objected to the trial court's rulings sustaining those objections, and never filed a motion to reconsider. Accordingly, pursuant to *Montenegro*, 419 S.W.3d at 568, this failure forecloses appellate review of evidentiary rulings. We agree.

As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). A party whose summary judgment evidence was excluded may not argue any and every new issue he can think of on appeal. *Montenegro*, 419 S.W.3d at 568. "When a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on appeal about the trial court's ruling." *Id.* Even if the objection appears meritorious on appeal, it is not preserved for appellate review if the record does not show that the complaint was made to the trial court. *Id.*

In this case, Artistry Homes objected to the Martignonis's summary judgment evidence on several bases. The Martignonis did not respond to those objections and did not object to the trial court's ruling sustaining those objections. Further, the Martignonis

4

did not file a motion bringing any complaint about the trial court's rulings to the attention of the trial court. Accordingly, the Martignonis have failed to preserve the right to complain about the trial court's evidentiary rulings. *Id.* at 568-69; *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.). We therefore will not consider the claims concerning those rulings.

Substantive Claims

Via the remaining issues, the Martignonis contend they produced more than a scintilla of evidence to establish each element of their breach of contract,[4] fraud,[5] and unjust enrichment[6] claims. We disagree. Below, Artistry Homes objected to Felipe

---

[4] To prove breach of contract, the Martignonis were required to establish: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied); *Perez v. Flagship Credit Acceptance, LLC*, No. 07-25-00151-CV, 2025 Tex. App. LEXIS 9028, at *4 (Tex. App.—Amarillo Nov. 24, 2025, no pet.) (mem. op.). The evidence shows failure of the Martignonis to tender performance and in fact, shows they exercised the right to terminate the contract, received escrow money back, and purchased another home. Further, the Martignonis presented no evidence of any breach by Artistry Homes.

[5] To establish a fact question on fraud or fraudulent inducement, the Martignonis were required to submit evidence that: (1) Artistry Homes made a material representation; (2) the representation was false; (3) Artistry Homes knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth; (4) Artistry Homes intended the Martignonis to act on the representation; (5) the Martignonis relied on the representation; and (6) the Martignonis were damaged. *Perez*, 2025 Tex. App. LEXIS 9028, at *6. "Fraudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future performance made with no intention of performing at the time it was made." *Id.* No evidence was brought forth showing Artistry Homes made a material and false representation concerning the use of funds for the construction of the pool, that Artistry Homes made any representation recklessly or without knowledge of its truth, or that Artistry Homes promised the Martignonis that the pool would be completed when it had no intention of completing the project when it so promised.

[6] Unjust enrichment is an equitable theory of recovery where a party has obtained a benefit from another by fraud, duress or the taking of an undue advantage, and the receipt of those benefits is not governed by contract. *Mason v. Mason*, No. 07-12-00007-CV, 2014 Tex. App. LEXIS 416, at *14 (Tex. App.—Amarillo Jan. 13, 2014, no pet.) (mem. op.). The Martignonis point only to evidence they claim supports their other causes of action and we determine herein the evidence fails to provide more than a scintilla of evidence to support each element of those claims.

5

Martignoni's affidavit and the supporting evidence. The trial court sustained that objection. The lack of the affidavit and supporting documentation is fatal to the Martignonis' position on appeal. Without the evidence excluded by the trial court, the trial court had before it only the new home contract, the amendments to that contract, Artistry's discovery responses, and an affidavit concerning the lien placed by the pool subcontractor. None of these documents provide evidence supporting the elements of the Martignonis' claims challenged in Artistry Homes's no-evidence motion for summary judgment.

We specifically note that section 9(B)(4) of the new home contract provides, "[t]here will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing payment of any loans assumed by Buyer and assumed loans will not be in default." There is nothing in the record to explain the basis of the lien, and, under section 9(B)(4) of the contract, the lien would have been satisfied out of the sales proceeds once the home purchase was complete. We cannot, therefore, find evidence of the lien supported any of the elements of the claims brought against Artistry Homes.

Further, Artistry Homes points out that the Martignonis never established they were ready, willing, and able to perform the contract. Artistry Homes filed a no-evidence motion for summary judgment, making it the Martignonis' burden to present more than a scintilla of probative evidence raising a genuine issue of material fact supporting each element contested in the motion. *Wyrick*, 577 S.W.3d at 346. They did not do so. Rather, the evidence they presented did the opposite and actually impaired their position. Significantly, Artistry Homes's response to a request for disclosure provides as follows:

6

Defendants entered into a New Home Contract (the "Contract") dated February 27, 2024 to finish building an incomplete home situated in Lubbock County, Texas . . . for Plaintiffs Felipe Martignoni and Janaina Martignoni (The "Martignonis").

The parties agreed to close on or before April 1, 2024, which was later extended by agreement. On August 16, 2024, the Martignonis informed Artistry Homes, LLC that they would not proceed with Closing on the Property, which terminated the Contract. Accordingly, the Martignonis elected the remedy of termination and return of the escrow money. Artistry notified the escrow agent that it was to release the escrow money to the Martignonis.

The Martignonis then purchased another home.

This is evidence showing the Martignonis exercised their right to terminate under the contract and thus, were not ready, willing, and able to fulfil their obligation under the contract. This too contradicts their position on appeal.

The Martignonis have failed to present more than a scintilla of probative evidence raising a genuine issue of material fact supporting each element contested in Artistry Homes's no-evidence summary judgment motion. We therefore overrule the issues.

## CONCLUSION

Having resolved the Martignonis' issues against them, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

7