

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00044-CV
_____

STEVEN BIASATTI AND PAUL GROSS D/B/A TOPDOG PROPERTIES, APPELLANTS

V.

GUIDEONE NATIONAL INSURANCE COMPANY AND JOHN KARL GRAVES, APPELLEES

_____

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2014-512,614, Honorable William C. Sowder, Presiding

_____

August 16, 2018

OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Steven Biasatti and Paul Gross, d/b/a TopDog Properties, appeal from a summary judgment granted in favor of GuideOne National Insurance Company. TopDog brought contractual and extra-contractual claims against GuideOne related to an insurance coverage dispute that arose after TopDog's property was damaged during a storm. In three issues, TopDog asserts the trial court erred by dismissing its claims. We will affirm.

## Background

This case involves a claim for insurance benefits under a commercial property insurance policy arising out of wind and hail damage to property belonging to the insured, TopDog. Upon notification of the loss in August of 2013, GuideOne assigned the claim to an adjuster to be investigated. Following the investigation, GuideOne advised TopDog on September 24, 2013, that the estimated cost to repair the damage was $1,896.88. Because this amount was less than the policy deductible of $5,000, GuideOne informed TopDog that no payment would be made on the claim.

TopDog requested an additional inspection. GuideOne retained an engineer, who confirmed the adjuster's findings of "minor wind damage and no hail damage to the roofs." Believing the damage had been underestimated, TopDog told its insurance agent in March of 2014 that it wished to proceed with an appraisal of the claim as provided in the policy. GuideOne responded that only GuideOne could invoke the appraisal process under the policy and, based on its conclusion that it had sufficiently investigated the claim, GuideOne declined to do so.

TopDog filed suit on August 22, 2014. The following April, GuideOne sought to initiate the appraisal process, which TopDog resisted. The trial court denied GuideOne's motion to compel appraisal. An interlocutory appeal to this Court followed, in which we directed the trial court to grant the motion to compel appraisal. *See In re GuideOne Nat'l Ins. Co.*, No. 07-15-00281-CV, 2015 Tex. App. LEXIS 10138, at *8 (Tex. App.—Amarillo Sept. 29, 2015, orig. proceeding) (mem. op.).

The trial court ordered appraisal, the parties designated appraisers, and the court appointed an umpire. On September 16, 2016, the umpire filed the appraisal award, in which the parties' appraisers and the umpire unanimously set the amount of loss at $168,808. On October 6, 2016, GuideOne issued a check to TopDog for $146,927.20, which was the amount of the award less the $5,000 deductible and ten percent depreciation ($16,880.80).[1] This check was mailed to TopDog's counsel on October 12, 2016.

TopDog filed a motion for partial summary judgment against GuideOne, asserting that GuideOne breached its contract and failed to timely pay TopDog's claim as required by the Prompt Payment of Claims Act under Chapter 542 of the Texas Insurance Code ("PPCA"). GuideOne then filed a traditional and no-evidence motion for summary judgment, arguing that, because GuideOne had paid the appraisal award, TopDog could no longer maintain any of its claims against GuideOne. The trial court granted GuideOne's motion and denied TopDog's partial motion. TopDog then filed this appeal.

Standard of Review

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When we review a summary judgment, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When, as here, both parties move for summary judgment on the same issues and the trial court grants one

---

[1] It appears that the amount deducted for depreciation was unilaterally determined by GuideOne.

3

motion and denies the other, we consider the summary judgment evidence presented by both sides, determine the questions presented, and render the judgment the trial court should have rendered if we determine that the trial court erred. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## Discussion

In short, GuideOne contends that TopDog cannot succeed on its contract claim because GuideOne promptly paid the appraisal award, and that, without a viable contract claim, TopDog's other claims must also fail.

Issue No. 1:  Breach of Contract

In its first issue, TopDog contends that when an appraisal determines that the insurer significantly underpaid the amount of the loss when it made its claims decision, the insurer has necessarily breached the contract as a matter of law.  TopDog alleges that GuideOne breached the contract when it refused to pay any amount for the loss in September of 2013, since it was later determined that the amount of loss was $168,808.

The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of that breach.  *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied).  In its traditional motion for summary judgment, GuideOne asserted that (1) it did not breach the contract because it paid the amount of loss determined by the appraisal process, and (2) TopDog had not sustained any damages.  In its no-evidence motion for summary judgment,

4

GuideOne contended that TopDog presented no evidence of breach and no evidence of damage by any breach.

TopDog's breach of contract claim is premised on evidence that the appraisal award was substantially higher than the amount set in GuideOne's initial investigation. However, it is undisputed that (1) the parties contractually agreed that, in the event of a disagreement as to the amount of the loss, GuideOne could invoke the appraisal process to set that amount; (2) the process was invoked; and (3) GuideOne then tendered payment to TopDog in the amount of the appraisal award, less the deductible and depreciation. Therefore, while there was a substantial difference between the appraisal award and the amount of damage GuideOne initially found, GuideOne paid that difference following appraisal. Because the benefits available to TopDog under the policy have already been paid, we conclude that TopDog did not offer evidence sufficient to create a material issue of fact on the element of damages. *See Turner v. Peerless Indem. Ins. Co.*, No. 07-17-00279-CV, 2018 Tex. App. LEXIS 4036, at *5-6 (Tex. App.—Amarillo June 5, 2018, no pet. h.).

Moreover, we disagree with TopDog's contention that, under *In re Allstate County Mut. Ins. Co.*, the outcome of an appraisal "necessarily resolves the issue of *whether* the insurer breached the contract by underpaying a covered claim." *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002). There, the Supreme Court stated that, "if the appraisal determines that the vehicle's full value is what the insurance company offered, there would be no breach of contract." *Id.* at 196. TopDog deduces that, based on the reasoning that payment in the correct amount resulted in no breach, then payment of a lesser, incorrect amount must equate to a breach. The court in *Allstate* did not hold that

the appraisal process under *any* policy will prove whether a breach of contract occurred, only that the appraisal clause in the case before it so provided.[2] *See Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, No. 05-14-01491-CV, 2016 Tex. App. LEXIS 3267, at *17 (Tex. App.—Dallas Mar. 30, 2016, pet. denied) ("Unlike the appraisal clause in *Allstate*, the appraisal clause in this case does not indicate that payment by the insurer made before an appraisal that is less than a later appraisal award proves the insurer breached the contract when the insurer promptly pays the difference between the appraisal and its earlier payments."). The appraisal clause in TopDog's policy of insurance from GuideOne specifies that the purpose of the appraisal process is to "set the amount of the loss." That is, it "binds the parties to have the extent or amount of the loss determined in a particular way." *In re Allstate*, 85 S.W.3d at 195 (citation omitted). This appraisal clause does not purport to determine whether a breach has occurred.

Therefore, we conclude that the trial court properly granted summary judgment as to TopDog's claim for breach of contract. We overrule TopDog's first issue.

Issue Nos. 2 and 3:  PPCA and Bad Faith Claims

In its second issue, TopDog argues that an insured who establishes the loss was underpaid by the insurer may recover delay penalties under the PPCA if the insurer's payment of the appraisal award occurred after the statute's deadlines for prompt payment. In its third issue, TopDog maintains that payment of an appraisal award does

---

[2] We further note that the issue in *In re Allstate* was the trial court's determination that the appraisal clause was actually an unenforceable arbitration clause. *See id.*

6

not preclude any claims against an insurer under common law bad faith causes of action. We will address these extra-contractual claims together.

In its motion for summary judgment, GuideOne advanced the argument that TopDog was not entitled to extra-contractual recovery unless it proved damages independent of those resulting from the wrongful denial of policy benefits. TopDog has argued that its "actual damages were the unpaid coverage benefits as evidenced by the appraisal award." As we recently observed in *Turner*, the need of an independent injury to support extra-contractual claims has been reaffirmed by the Texas Supreme Court in *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499-500 (Tex. 2018) (op. on reh'g). *Turner*, 2018 Tex. App. LEXIS 4036, at *10. That is, an insured can recover actual damages caused by the insurer's statutory violation or bad-faith conduct only if the damages are separate from and differ from benefits under the policy. *Menchaca*, 545 S.W.3d at 499-500. Consequently, we disagree that the requisite "independent injury" can be predicated on policy benefits which have already been paid. *Turner*, 2018 Tex. App. LEXIS 4036, at *10-11.

Here, as in *Turner*, the insurance policy provided coverage and payment was made once the parties completed the appraisal process established by the policy. TopDog received the benefits it was entitled to under the policy. TopDog has not demonstrated that any policy benefits were withheld,[3] nor has it shown damages from any injury independent of its policy claim. Therefore, we find no error in the trial court's

---

[3] TopDog urges that policy benefits were withheld because GuideOne underpaid the claim and then refused to participate in the appraisal process until months after TopDog filed suit. However, the parties agreed in the insurance policy that only GuideOne could invoke appraisal. We do not find that the unilateral nature of the appraisal clause compels a different outcome here.

decision to grant summary judgment on TopDog's extra-contractual claims.  We overrule

TopDog's second and third issues.

## Conclusion

Having overruled each of TopDog's issues, we affirm the summary judgment.


Judy C. Parker
Justice