# IN THE SUPREME COURT OF TEXAS

No. 18-0911

STEVEN BIASATTI AND PAUL GROSS
D/B/A TOPDOG PROPERTIES, PETITIONERS,

V.

GUIDEONE NATIONAL INSURANCE COMPANY, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

**PER CURIAM**

At issue in this insurance dispute is whether an insurer's payment of an appraisal award—obtained under a unilateral appraisal clause—bars an insured's claims under the Texas Prompt Payment of Claims Act (TPPCA), codified as Chapter 542 of the Insurance Code. Also at issue is whether such payment bars an insured's statutory and common-law bad-faith claims. The court of appeals held all of the insured's claims were barred. Because we conclude the insured's claims should be considered in light of our recent decisions on these issues, we now reverse and remand.

In June 2013, properties insured by GuideOne National Insurance Company and owned by Steven Biasatti and Paul Gross (d/b/a TopDog Properties) sustained wind and hail damage. After its first inspection, GuideOne determined that the loss fell below TopDog's $5,000 deductible and thus declined to pay. A second inspection at TopDog's request confirmed this conclusion. After GuideOne declined a third inspection request, TopDog asked to invoke the policy's appraisal

process. GuideOne refused, explaining that it was the only party that could invoke appraisal under the policy's unilateral appraisal clause, and it considered appraisal unnecessary.[1]

Believing the loss still undervalued, TopDog sued GuideOne, alleging claims for breach of contract, common-law and statutory bad faith, and violations of the TPPCA. Over eight months later, GuideOne demanded an appraisal, but TopDog declined. GuideOne then obtained an order compelling appraisal. Through the appraisal process, the loss was set at $168,808—well above GuideOne's initial estimates. In October 2013, GuideOne paid TopDog the appraisal award less the deductible and depreciation, after which both parties moved for summary judgment. The trial court denied TopDog's motion and granted GuideOne's, rejecting all of TopDog's claims based on GuideOne's payment of the appraisal award.

The court of appeals affirmed, holding that (1) TopDog failed to raise a fact issue on damages for breach of contract because GuideOne paid all benefits available under the policy when it paid the appraisal award, and (2) TopDog's bad-faith and TPPCA claims failed because it did not allege an injury independent from the policy benefits and did not demonstrate policy benefits were withheld after the appraisal award was paid. 560 S.W.3d 739, 743–44 (Tex. App.—Amarillo 2018).

TopDog petitioned this Court, asking whether the court of appeals' holdings were consistent with our precedents and whether the unilateral nature of the appraisal clause should

---

[1] The appraisal clause states: "If the Named Insured and the Company fail to agree on the amount of the loss, the Company can demand that the amount of loss be set by appraisal. If the company makes a written demand for appraisal, each party shall select a competent independent appraiser. Each party shall notify the other of the selected appraiser's identity within 20 days of the receipt of the written demand."

2

change the result.[2]  In the interim, we decided two cases relevant to the issues TopDog raised in its petition.  In *Barbara Technologies Corp. v. State Farm Lloyds*, we held that payment in accordance with an appraisal clause does not foreclose TPPCA damages, but it is "neither an acknowledgement of liability nor a determination of liability under the policy for purposes of TPPCA damages under section 542.060."  589 S.W.3d 806, 820 (Tex. 2019).  We declined to decide whether an acknowledgment or determination of liability was necessary to obtain damages under section 542.058.  *Id.* at 823–24.  On the same day, we held in *Ortiz v. State Farm Lloyds* that payment of an appraisal award forecloses an insurer's liability for breach of contract and common-law and statutory bad faith unless the insured suffered an independent injury.  589 S.W.3d 127, 129, 133, 135 (Tex. 2019).

After *Barbara Technologies* and *Ortiz*, TopDog filed its brief on the merits, addressing its claims for breach of contract, violation of the TPPCA, and bad faith in light of those opinions.  Regarding the TPPCA, TopDog contends GuideOne is liable under *Barbara Technologies*, and it is therefore entitled to damages under section 542.060.  At the least, it requests a remand in light of that opinion.  TopDog alternatively argues section 542.058 does not require a finding of liability before an insurer must pay TPPCA damages, urging this Court to address the question left open in *Barbara Technologies*.

Concerning its claims for breach of contract and bad faith, TopDog contends the Court should create an exception to the independent injury rule noted in *Ortiz*.  Specifically, it urges that insureds need not establish independent injury to recover for breach of contract and bad faith where

---

[2] TopDog cited the following precedents: *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018); *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011); *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002).

an insurer relies on a unilateral appraisal clause to force the insured to file suit, compels appraisal, and then pays the appraisal award. In that situation, TopDog argues, the appraisal award itself constitutes actual damages.[3]

The court of appeals held that TopDog could not maintain its TPPCA claim because it failed to allege an independent injury and all available policy benefits had been paid. 560 S.W.3d at 742–43. Under *Barbara Technologies*, this was error. *See Barbara Techs.*, 589 S.W.3d at 823 (insurer's payment of appraisal value does not foreclose TPPCA damages under section 542.060).

The court of appeals also held that TopDog's claims for breach of contract and bad faith were barred. 560 S.W.3d at 743–44. This holding comports with *Ortiz* generally, but *Ortiz* did not involve a unilateral appraisal clause. *Ortiz*, 589 S.W.3d at 131 & n.6. Thus, we did not consider whether payment of an appraisal award under a unilateral clause would have the same effect as to these claims. *Id.* The trial court may consider that question on remand.

Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court to consider TopDog's claims in light of these decisions.

**OPINION DELIVERED:** April 17, 2020

---

[3] TopDog also contends unilateral appraisal clauses are illusory and thus unenforceable. TopDog did not raise this argument until its motion for rehearing in the trial court and did not pursue it in the court of appeals, nor did the court of appeals address it. We therefore do not consider it, *see* TEX. R. APP. P. 33.1, though the parties are free to brief the issue further on remand.